(No. 35821.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARLEY WELCH, Plaintiff in Error.

*Opinion filed September 22, 1961.*

STANLEY A. DURKA, of Waukegan, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER, and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

At a jury trial conducted in the criminal court of Cook County, the defendant, Harley Welch, was convicted of armed robbery and was sentenced to the penitentiary for a term of not less than four nor more than fifteen years. Upon writ of error he contends: (1) the defense was unduly restricted in its cross-examination, (2) certain jury instructions were improperly given, (3) the defendant was not furnished a complete list of witnesses prior to trial, (4) error occurred in the conduct of the trial, and (5) guilt was not established beyond a reasonable doubt.

Shortly before eleven o'clock on the night of August 18 1958, two men armed with a shotgun entered a tavern a 2801 Broadway in Blue Island and forced the barmaid Helen Cioni, to deliver to them $75 from the cash registe

before they fled from the premises. At a police line-up held January 4, 1959, the barmaid and a patron, Betty Kreis, identified defendant as one of the culprits, and they so testified at the subsequent trial. Both stated that during the robbery they had ample opportunity to clearly view the defendant and that he was then wearing a light straw hat and a brown plaid shirt.

In his own behalf, defendant testified that upon the date of the crime he was living with his sister in Milwaukee and had not in any manner participated therein. However, he and a companion, Eddie Wyatt, were subsequently arrested in Chicago for the alleged robbery of one Helen Sadunis and were taken to the Blue Island police station on January 4, 1959, where they appeared in a seven-man police line-up and were viewed by several individuals, including Betty Kreis. As a result defendant and Wyatt were charged with three separate armed robberies. Defendant also stated that at a preliminary hearing held two days later, which was attended by Betty Kreis, Helen Sadunis, a Mrs. Kruger, and the arresting officer, he and Wyatt were identified by "the three complainants" but it was then discovered that Wyatt had been confined in the county jail at the time of the crimes.

Upon cross-examination the defense sought to impeach the credibility of Helen Cioni and Betty Kreis by asking them to identify Wyatt, from his photograph, as "the other colored man" and the "other man" in the police line-up, but objections thereto were sustained. Although defendant now insists that the court erred in this regard, we do not agree. Neither of the witnesses upon direct examination made any mention of Wyatt, or of identifying a second man at the line-up. Rather, Cioni testified that she did not look at the second bandit during the robbery, and both Cioni and Kreis swore they identified only defendant at the police station. Although a defendant has every right to cross-examine the identifying witnesses, such right is by its very nature re-

stricted to matters which explain, modify, or discredit the earlier testimony. (*People* v. *Coli*, 2 Ill.2d 186; *People* v. *Pelletri*, 323 Ill. 176.) Since the attempted interrogation had no such effect, it was beyond the scope of the direct examination, immaterial, and therefore improper. It should also be noted that even though the defense sought to question Cioni concerning the other man at the line-up, defendant later insisted that Cioni was not present at either the police station or the preliminary hearing.

Defendant also complains of certain instructions given in this case, but neither the abstract nor the record indicates by whom they were tendered. Under such circumstances we have consistently refused to consider instructions which are unlabeled as to source, and we would be warranted in so acting herein. (*People* v. *Ford*, 19 Ill.2d 466; *People* v. *Kemp*, 396 Ill. 578.) However, in order to remove any question of error, we have carefully examined the instructions and find that, taken as a series, they properly state the applicable principles of law. *People* v. *Pearson*, 19 Ill.2d 609.

It appears that due to an oversight the name of Betty Kreis did not appear on the list of witnesses furnished the defense prior to trial. When she was called to testify defendant objected, whereupon the court, after determining that none of the jurors was acquainted with the witness, offered defense counsel the opportunity to interrogate her before proceeding with the case. Counsel declined, however, stating "No, I would rather rest on my objection." Although the statute directs the People to furnish to the defendant a complete list of witnesses, (Ill. Rev. Stat. 1959, chap. 38, par. 729,) we have heretofore held the trial court may in its discretion allow unlisted witnesses to testify unless such a course unduly surprises or prejudices the defendant. However, where, as here, the defense was afforded an opportunity to talk to the witness, did not ask for a continuance or make any showing of prejudice, but proceeded with trial,

no error resulted in such respect. *People* v. *LaCoco,* 406 Ill. 303; *People* v. *Weisberg,* 396 Ill. 412; *People* v. *Scott,* 261 Ill. 165.

The claim of error in the conduct of the trial results from the fact that each of the witnesses, including defendant, was questioned at some length by the People concerning the identification of defendant at the police line-up, that in his closing argument the prosecuting attorney cautioned the jury that only defendant, and not Wyatt, had been identified by Cioni and Kreis, and that prior to defendant's closing argument the court remarked that it would sustain objections to any comment concerning Wyatt. By this defendant insists the jury was misled. Such contention is wholly without merit. The interrogation relative to the initial identification of defendant was certainly proper and, in fact, much of it was carried out by the defense counsel himself. The closing statement of the prosecuting attorney was warranted by the evidence and since, as we have heretofore pointed out, cross-examination concerning Wyatt was improper, no error could have occurred from the court's promise to sustain objections to the mention of immaterial matter.

Two eyewitnesses picked defendant from a seven-man police line-up and also positively identified him at the time of trial as one of the bandits in question. On the other hand there was defendant's unsupported alibi that he was in Milwaukee when the crime was committed. In such cases the matter of credibility is for the jury to decide, and unless that determination is palpably contrary to the evidence, it will not be disturbed upon review. (*People* v. *Thomas,* 409 Ill. 473; *People* v. *Derrico,* 409 Ill. 453.) We are of the opinion that in the present case guilt was established beyond a reasonable doubt.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*