THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERBERT T. SEIDEL, Defendant-Appellant.

(No. 74-138; ▮▮▮▮▮▮▮▮▮▮▮▮.

Third District—December 12, 1975.

G. Joseph Weller and James Geis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Louis Pignatelli, Jr., State's Attorney, of Morrison (Michael B. Weinstein and F. Stewart Merdian, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial the defendant, Herbert Seidel, was found guilty of the offenses of burglary, theft and criminal damage to property. The

circuit court of Whiteside County sentenced the defendant to concurrent sentences of from 1 to 3 years in the penitentiary.

On this appeal defendant urges three assignments of error: one, the trial court erred in denying his motion for a new trial where, according to an affidavit attached to such motion, a claim was made that the principal witness for the prosecution had committed perjury; two, the trial court erred in not granting defendant a new trial where it appeared one of the jurors was asleep during part of the final argument and during the time the instructions were read to the jury by the court; and, three, the trial court erred in entering judgments of conviction on the offenses of theft and criminal damage to property because such offenses arose from the same act which constituted the offense of burglary. (The People have conceded the merit of defendant's claim on this issue and it will not be discussed in this opinion.)

During the trial it was established that at approximately 9:30 p.m. on November 16, 1973, the Sterling City Police received a report of a burglary at Glafka's Tire City. One of the officers patrolling near the scene stopped and questioned the defendant and a juvenile named Larry Scott, who were observed walking together in the opposite direction from the scene of the crime. After some preliminary questioning, the officer asked both youths to empty their pockets. The juvenile, Scott, removed almost $50 from his pockets, which was the approximate amount missing from the burgled premises.

During the State's case in chief 14-year-old Scott testified it was the defendant who directed the burglary but he (Scott) was the one who threw the rock through the window and was the sole person to later enter the premises and take the money. On cross-examination he testified he did not know the consequences of lying on the stand.

In a statement taken from the defendant shortly after his arrest, and later submitted into evidence at the preliminary hearing, the defendant, while acknowledging his presence at the time of the burglary, disclaimed any prior knowledge of Scott's intent to commit the burglary. Defendant did not testify at the trial. Scott was the only occurrence witness and the defense put on no evidence.

Following defendant's trial and entry of judgments of convictions on the jury's verdicts, defense counsel submitted a motion for a new trial with supporting affidavit, claiming, *inter alia*, that "since the trial, the defendant has discovered new evidence which shows that Larry Scott, the chief witness for the prosecution, committed perjury against the defendant." Scott filed an affidavit professing the truthfulness of his trial testimony. Also alleged, in an amended motion for a new trial, was

the fact that during final arguments, as well as during the court's instruction to the jury, a member of the jury appeared to be sleeping.

With respect to defendant's first assignment of error, namely, that the trial court erred in declining to grant his motion for a new trial based on newly discovered evidence, it is our conclusion no error was committed. According to the motion for a new trial the defendant claimed Scott's testimony against him was perjured and he learned of such perjury after the trial concluded. In support of this allegation defendant submitted an affidavit from Mrs. Helen Parvin (apparently a mother of some of Scott's friends). Specifically, in her affidavit Mrs. Parvin alleged that Scott had, on more than one occasion "* * * admitted [to affiant] that he participated in the planning and execution of the crime, and told her [affiant] that he had intended to keep the money stolen in the burglary because 'it was mine'." Furthermore, she alleged in her affidavit "Larry Scott informed the children of affiant in the evening of November 16, 1973, that he had a glass cutter in his pocket which he intended to use to cut glass to break into some establishment."

In response to the motion for new trial the State's Attorney filed an affidavit of Larry Scott in which Scott reaffirmed his trial testimony as well as denied ever telling anyone he (Scott) had participated in the planning of the burglary or intended to keep for himself all of the money taken in the burglary. Scott also denied telling anyone he had a glass cutter which he (Scott) intended to use in order to break into some establishment on the night of November 16, 1973.

Neither Helen Parvin, Scott, nor any other person testified at the hearing on the motion for new trial. Based on the affidavits and arguments of counsel the court denied defendant's new trial motion.

■■ To warrant a new trial, the new evidence must be of such a conclusive character that it will probably change the result on retrial; it must be material to the issue and not merely cumulative; and it must have been discovered since the trial and be of such character that it could not have been discovered prior to the trial by the exercise of due diligence. (*People v. Baker*, 16 Ill.2d 364, 158 N.E.2d 1; *People v. Hughes*, 11 Ill.App.3d 224, 296 N.E.2d 643.) Applications for a new trial on the ground of newly discovered evidence are not looked upon with favor by the courts. In order to prevent, so far as possible, fraud and imposition which defeated parties may be tempted to practice, as a last resort, to escape the consequence of an adverse verdict, such application should always be subjected to the closest scrutiny by the court. *People v. Holtzman*, 1 Ill.2d 562, 116 N.E.2d 338.

■■ Since the newly discovered evidence refers to alleged statements

made by Scott after the trial was over, such evidence by its nature could not have been discovered at some earlier stage in the proceedings. However, when it comes to applying the other criteria in determining whether a new trial should be granted it is our opinion the information contained in the affidavit is both merely cumulative and inconclusive so far as effecting any change in result. As has been noted earlier, the allegations in the supporting affidavit were denied by Scott's counteraffidavit and Helen Parvin was not called as a witness at the hearing. Not only is a portion of her affidavit hearsay but the other allegations lack specificity. Even though the affidavit purports to impeach the testimony of Scott we are unable to say that a reexamination of this case by a new jury would be likely to produce a contrary result.

Defendant relies on such cases as *People v. Cotell*, 298 Ill. 207, 131 N.E. 659, in support of his contention that impeachment evidence disclosed in a new trial motion may be regarded as independent material evidence rather than merely cumulative. The court in *Cotell* recognizes impeachment evidence is usually regarded as merely cumulative. However, as disclosed by the facts of that case, the court considered the nature of the proposed impeaching evidence, as supported by actual testimony at the post trial motion hearing, to be so significant that a new trial was required. This latter holding seems somewhat obscure because the discussion by the court of the testimony of the principal witness would indicate that even on the basis of the record without any newly discovered evidence the testimony was insufficient to support the defendant's conviction. Indeed, the trial court believed the testimony of the witness to be so unreliable that she was not permitted to testify at the new trial motion hearing, such conclusion being based on her testimony given during trial. We are not persuaded that the minimal impeachment suggested by the affidavit is analogous to those cases in which newly discovered evidence completely discredits the testimony of the major witness in the case.

■■ Next, the defendant claims he should have been granted a new trial because one of the jurors was asleep during a portion of the final argument and during the period the judge was instructing the jury. So far as the record is concerned we believe the defendant is not in a position to urge these facts as a basis for a new trial. As the defendant points out, his counsel referred to the sleeping juror after the jury had withdrawn from the courtroom to commence deliberations. Even at this time defense counsel made no effort to have this situation corrected or have a mistrial declared. Of even more significance is defense counsel's failure to bring these matters to the attention of the court at an earlier stage in the proceeding when the court could have remedied the situation if in-

deed a remedy was required. Defense counsel may not sit idly by witnessing a situation about which he might have justly complained and fail to take any action until a verdict has been returned and judgment entered.

The trial judge apparently was aware of some inattentiveness of the juror but believed the juror was aware of what was being said and was not ignoring the proceedings taking place in the courtroom. Thus whatever doubts defense counsel had regarding such inattentiveness could have been allayed at the time by bringing them to the court's attention so that such doubts could have been resolved and appropriate action taken. Where, as in this case, the post-trial motion offers no reason or excuse for not bringing the matter to the court's attention, we believe the court acted properly in declining to grant the new trial motion.

For the foregoing reasons the judgment and sentence of the circuit court of Whiteside County finding defendant guilty of burglary is affirmed. The judgments of conviction and sentences imposed for the offenses of theft and criminal damage to property are reversed.

Judgment affirmed in part and reversed in part.

ALLOY and BARRY, JJ., concur.