## Gay v. Lower Yoder Township

*Randall C. Rodkey*, for plaintiffs.
*Samuel R. DiFrancesco, Sr.*, for defendant.

ABOOD, *J.*, July 24, 1978—Plaintiffs filed suit

against defendant, in assumpsit, to recover certain vacation pay benefits they allege they are entitled to.

Defendant for a number of years prior to 1977 paid its part-time police vacation and sick leave benefits. The apparent policy was that a part-time policeman had to work for a year before he was entitled to the benefits and that the vacation pay benefit would be paid in the second year of employment and thereafter.

In June of 1977, the part-time police were notified that as of June 16, 1977, no vacation or sick leave benefits would be provided by defendant.

Plaintiffs were paid vacation benefits for two weeks in 1976 but were not paid for same in 1977 nor in 1978. Plaintiffs were no longer in the employ of defendant as of December 31, 1977.

Despite this matter being in assumpsit and within the arbitration limits of our local rules of court, counsel for the parties requested that the court hear the matter nonjury because most of the facts were undisputed.

The question raised is whether by practice or in fact, because there were no written contracts of employment, defendant is obligated to pay these plaintiffs vacation benefits for two years or for one year.

If a part-time policeman worked one year, he was then entitled to a vacation benefit in the second year of employment and so on. Was the vacation pay in the second year of employment for that second year or was it paid for having worked the previous year? Defendant's records were devoid of any indication regarding that intention and plaintiffs' contention was supported by only their oral testimony.

All plaintiffs were paid vacation benefits in 1976

and none were paid same in 1977. Their employment terminated at the end of 1977.

At the time of the trial there was no dispute that plaintiffs were entitled to one period of vacation benefits, that is, for 1977. Defendant's contention was that because plaintiffs worked in 1977 they are therefore entitled to vacation pay for that year. Plaintiffs' contention is that because they worked in 1977 they are entitled to vacation pay for having worked in 1976 and in 1977.

The court requested that counsel submit any cases they found on point and apparently they have found none on point.

Plaintiffs' counsel did submit an affidavit of a former part-time policeman of defendant who resigned from the force on or about June 30, 1972. The affidavit goes on to say that he was paid two weeks vacation pay for his work in the year 1971.

The Superior Court in the Ungarean Unempl. Compensation Case, 207 Pa. Superior Ct. 506, 218 A. 2d 847 (1966), defined vacation pay as deferred wages earned after a required period of employment.

In the Illinois case of Olson v. Rock Island Bank, 33 Ill. App. 3d 904, 339 N.E. 2d 39 (1975), a bank employe retired on December 31, 1973, after 47 years of service. He requested payment for a three-week vacation which he alleged he earned during his last year. The bank refused to pay same and he filed suit. The court awarded the employe the three-week-vacation pay. The bank's policy was that an employe after working a full year earns a week's paid vacation and so on up to three weeks. The court concluded that by working the year 1973, the employe earned the vacation he would have normally taken in 1974.

See also, the New Jersey case of Owens v. Press

Publishing Company, 20 N.J. 537, 120 A. 2d 442 (1956), where on page 447 the same reasoning as found in the Olson case, supra, is set forth.

Therefore, pursuant to the reasoning seen in the cases above referred, this court concludes that for having worked the year 1976, plaintiffs are entitled to vacation benefits that should have been received in the year 1977 and for having worked the year 1977, plaintiffs are entitled to vacation benefits that would have been received in 1978 had their employment continued. Nevertheless they are entitled to the vacation benefits for having worked in 1977.

Accordingly, the following verdict is entered.

## VERDICT

And now, July 24, 1978, verdict is rendered in favor of plaintiffs against defendant and the amount of the verdict in favor of plaintiffs *individually* is the sum of $580 ($280 for the year 1976 and $300 for the year 1977 earned in those respective years) against defendant.