THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD L. SMITH, Defendant-Appellant.

Fifth District   No. 77-201

Opinion filed November 21, 1978.—Rehearing denied January 30, 1979.

Michael J. Rosborough and Jeffrey M. Plesko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Ronald L. Smith, was charged in the circuit court of

Montgomery County with the offenses of illegal transportation of alcoholic liquor, unlawful possession of more than 30 grams but less than 500 grams of cannabis, and unlawful possession of less than 30 grams of a substance containing amphetamine. Defendant was found guilty as charged following a jury trial. From the judgment entered, he brings this appeal.

The following issues are presented for review: (1) whether the evidence of the drugs herein was illegally seized in that there was no probable cause to initially stop defendant's automobile and no justification for the resulting search thereof; (2) whether it was error to deny defendant's motion to suppress the evidence without a hearing on the merits; (3) whether the State failed to prove defendant's guilt beyond a reasonable doubt; (4) whether there was improper communications with the jury during its deliberations; and (5) whether it was error to refuse an instruction tendered by defendant.

At trial, Police Officer Roger Land testified that around midnight on September 25, 1976, he was parked at a certain location and was operating a speed radar device. A car traveling 50 miles per hour passed by heading northward. Land recognized the car as being defendant's. Land did not then attempt to stop the car. However, ten minutes later, he again saw the same car heading in the opposite direction. Although it was now traveling within the speed limit, Land stated that it was being driven in an "erratic manner." Land consequently proceeded to follow the vehicle. At a point at which the speed zone changed from 30 to 35 miles per hour near a local Dairy Queen, Land observed defendant's car accelerate "hard." Land therefore turned on his flashing lights and soon brought defendant to a stop. On the basis of his own speed while in pursuit, Land judged that defendant had reached a speed of approximately 70 miles per hour before pulling over.

After stopping, defendant immediately exited from the driver's side of the car, leaving the door open, and approached Land's squad car. Land also exited and the two met between their respective cars. Land stated that he asked defendant for his driver's license, which was produced, and that he asked him why he had driven so erratically. Defendant responded by denying that he had been speeding. Land testified that he then noticed a passenger in defendant's car, so he walked over to the open door and bent down to ask the passenger for his name. However, as he did so, he smelled the odor of burned marijuana and of alcohol emanating from the interior of the car. Furthermore, he saw a glass containing liquid on the front seat. Land then reached into the car and took the glass, smelled it, and determined that it contained alcohol. He asked the passenger whether the glass was his and the passenger said, "no." Land placed the glass on top of the car and then looked back in and noticed a metal box on

the floor directly in front of the driver's seat. Land opened the box and saw a bottle of pills and a bag appearing to contain marijuana. Land also placed the opened box on top of the car, he informed defendant not to leave, and he went to the squad car and radioed for assistance. While he was doing so, he saw defendant close the metal box, causing it to lock.

Defendant and the passenger were taken to the police station and the car was towed in. Once at the station, a search was conducted of the interior of the car. Further, on orders by Land, defendant unlocked the car's trunk and the metal box. The evidence at trial showed that in the metal box was found a bottle containing 65 pills consisting of 3.1 grams of a substance containing amphetamine, and two bags of marijuana; one weighing 15.8 grams and the other weighing 2.5 grams. In the trunk, 116 grams of marijuana were found. In the interior of the car, additional small amounts of marijuana were found, specifically; 0.4 grams on the front seat, 0.2 grams within a pipe, and 0.05 grams apparently within an ashtray. In addition to the glass of alcoholic beverage found on the front seat, a bottle of rum with its seal broken was found in a cooler on the back seat.

Land testified that various papers belonging to defendant were also found in the metal box and that these and the box were returned to defendant following the search. Defendant was then charged with careless driving and with the charges herein.

On behalf of defendant, several witnesses testified that defendant's car and the metal box had been in use in connection with a service station managed by defendant; that employees of the service station had access to the car when conducting service station business; and that the box was used to hold important business papers. Defendant himself did not testify at trial.

In this appeal defendant's first two contentions involve the propriety of the search and seizure and of the hearing held thereon.

Prior to trial, defendant filed a motion to suppress evidence illegally seized, pursuant to section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—12). A suppression hearing was thereafter held before Associate Judge William H. Spitler, wherein defendant was represented by John Ess and the State was represented by the State's Attorney, Kelly Long.

At the hearing, defendant testified on direct examination relating the events surrounding Land's search of the automobile and metal box, and seizure of the evidence therein. He further stated that he had not violated any traffic regulation, and that Land had conducted the search without a warrant and without consent by him. At the close of direct examination, the following cross-examination ensued between defendant and the State's Attorney:

"Q. What was removed from your automobile, Mr. Smith?

A. A blue metal box.

Q. What was in the box?

Mr. Ess: Objection, your Honor, that's been answered.

The Court: Overruled.

A. A substance allegedly containing cannabis. And a substance allegedly containing amphetamines.

Q. Who did that belong to?

Mr. Ess: Objection, that is beyond the scope of the direct examination.

The Court: Overruled.

Mr. Ess: The state is asking the witness to give evidence which—

The Court: This is cross, overruled.

A. It belonged to a friend of mine.

Q. Who?

A. A Mr. Dale Traylor.

Q. Was that substance in your possession?

A. Yes.

Q. Did you know what it was?

Mr. Ess: Your Honor, same objection.

The Court: Overruled.

Q. Did you know what it was, Mr. Smith?

A. I will have to take the Fifth Amendment on that.

Mr. Long: Ask that the Motion to Suppress be denied.

Mr. Ess: Your Honor, the question that the State is asking—

The Court: Motion is granted.

Mr. Ess: Your Honor, if I might state that the questions that the State is asking the witness are for one thing beyond the scope of the direct examination, they are questions which the defendant has a right upon which to take the Fifth Amendment and he is exercising that right and I believe by denying the motion the Court is infringing upon the defendant's rights.

The Court: Show Motion To Suppress is denied because of failure to answer questions on cross-examination."

A subsequent motion for a rehearing was also denied.

On appeal defendant contends that the lower court erred in denying the motion to suppress without proceeding to the merits of the motion and in penalizing defendant for exercising his privilege against self-incrimination.

■■ ■ A defendant is not required to surrender his Fifth Amendment protection against compelled self-incrimination in order to assert his Fourth Amendment rights. (*Simmons v. United States* (1968), 390 U.S. 77, 19 L. Ed. 2d 1247, 88 S. Ct. 967.) In light of the usual necessity of

defendants to take the witness stand at a suppression hearing and of their burden of proof when challenging the lawfulness of a search and seizure, the law has been fashioned toward a policy of permitting defendants to testify at a suppression hearing without requiring a waiver of the privilege against self-incrimination. (*Bailey v. United States* (D.C. Cir. 1967), 389 F.2d 305.) To this end, the United States Supreme Court has held that when a defendant testifies in support of a motion to suppress evidence illegally seized, his testimony may not thereafter be admitted against him at trial on the issue of guilt unless he makes no objection. (*Simmons v. United States.*) However, any such testimony may be used by the State for purposes of impeachment should the defendant choose to testify at trial. (*People v. Sturgis*, 58 Ill. 2d 211, 317 N.E.2d 545.) Of course, when a defendant does testify at a suppression hearing he subjects himself to legitimate cross-examination therein, just as any other witness. *Cf. People v. Burris*, 49 Ill. 2d 98, 273 N.E.2d 605.

■■ In the case before us, defendant's motion to suppress evidence raised the sole issue of whether the warrantless search and seizure was unreasonable. Defendant's testimony thereon at the hearing was limited to the events surrounding the search and seizure. The prosecution inquiry on cross-examinaton of whether defendant knew what the substances were—as to the question of to whom they belonged—was neither within the scope of direct examination nor even germane to the issues raised by the motion to suppress. (See *Simmons v. United States*; *Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725.) Hence, in overruling defense objections thereto, the lower court erred. *People v. Welch*, 22 Ill. 2d 558, 177 N.E.2d 160.

In the face of the court's erroneous ruling, defendant chose to invoke his Fifth Amendment right and he refused to answer the prosecution's inquiry. Defendant here argues that he was entitled to so refuse. However, we need not decide this aspect since the question before us resolves itself upon the propriety of the court's drastic response in summarily denying defendant's motion.

■■ Pursuant to section 114—12 of the Code of Criminal Procedure, defendant was entitled to a full and fair hearing on his motion, in which: "The judge shall receive evidence on any issue of fact necessary to determine the motion." We find no authority nor has any been brought to our attention permitting a court to abort a hearing and deny a motion to suppress as a penalty for a defendant's refusal to answer a question on cross-examination. We find that to have done so compounded the error committed by the court.

■■ The State contends, however, that this error was nonetheless harmless because the testimony at trial established probable cause justifying the search and seizure. We will not remand this cause for a new hearing on

defendant's motion as he here requests if to do so would be a futile effort. A defendant may not avail himself of any error on his motion to suppress if the evidence both at the hearing on the motion and at trial establishes the legality of the search and seizure thus rendering the product of such to have been properly admissible. (*People v. Braden*, 34 Ill. 2d 516, 216 N.E.2d 808; *People v. Dennison*, 61 Ill. App. 3d 473, 378 N.E.2d 220.) Accordingly, we next turn to defendant's contention concerning whether the search and seizure was justified.

Defendant contends that it was not for two reasons; first, that Officer Land had no probable cause to initially stop defendant's automobile, and second, that Land had no probable cause for the subsequent warrantless search of the vehicle.

Defendant argues that the initial stop was done upon a mere pretense in order to search the car and that Land had stated no articulable basis for the stop. This argument is based on some obnubilation of the record. In fact, Land testified that the second time he saw defendant's car, on the night of the incident, it was being driven in an erratic manner. The first time he had seen it, it was speeding. As a consequence, Land began to follow the car. Land testified that when it reached a point near a Dairy Queen, it increased its speed to approximately 70 miles per hour at which time Land turned on his flashing lights. Although at the suppression hearing defendant denied violating any traffic regulation, at trial Land's testimony was uncontroverted. Defense witness John Bockstruck, the passenger in the car, testified at trial that near the Dairy Queen, defendant "just pushed down on the accelerator more," and that defendant stated, about the car, that "it ran pretty good." Thus from the record we find ample evidence demonstrating that Land was justified in initially stopping defendant's automobile.

Next defendant argues that even if Land was justified in stopping his car, the subsequent warrantless search thereof was unreasonable under the circumstances. It is established that not all warrantless searches are prohibited by constitutional safeguards but only those which are unreasonable, and the reasonableness of a search must be judged upon the particular facts and circumstances surrounding the search at issue. (*People v. Jefferies*, 6 Ill. App. 3d 648, 285 N.E.2d 592, *cert. denied*, 410 U.S. 932, 35 L. Ed. 2d 595, 93 S. Ct. 1378.) The crux of defendant's argument is his assertion that only after Land opened the metal box and found drugs therein—that is, only after the completion of the on-scene search—did Land have any reasonable basis to believe that the situation was anything more than a routine traffic violation requiring no more than a mere brief detention for the issuance of a traffic ticket.

■ Generally, to justify a full warrantless search of an automobile following a mere traffic law violation, the circumstances must reasonably

indicate that a more serious crime has been committed. (*People v. Jefferies*; *People v. Brown*, 38 Ill. 2d 353, 231 N.E.2d 577; see also *People v. Watkins*, 19 Ill. 2d 11, 166 N.E.2d 433; *People v. Thomas*, 31 Ill. 2d 212, 201 N.E.2d 413; *People v. Palmer*, 62 Ill. 2d 261, 342 N.E.2d 353.) Contrary to defendant's assertion, prior to the search, just such a circumstance was established herein. Land testified that after a brief discussion with defendant, he approached the car's open door to ascertain the identity of the passenger in the car. In so doing, Land caused no affront to the Fourth Amendment. (*Cf. People v. Wolf*, 60 Ill. 2d 230, 326 N.E.2d 766.) As he bent down at the open door, he testified that he smelled the odor of burned marijuana and alcohol emanating from the interior. He further stated that he was trained and was experienced in detecting these odors.

■ Land's detection of the smell of marijuana and alcohol gave him a reasonable basis to believe that a crime was being committed in his presence thus justifying under the circumstances a warrantless search of the automobile. (*People v. Loe*, 16 Ill. App. 3d 291, 306 N.E.2d 368; *People v..Laird*, 11 Ill. App. 3d 414, 296 N.E.2d 864; *People v. Erb*, 128 Ill. App. 2d 126, 261 N.E.2d 431.) In addition, Land's observation of defendant's erratic driving and speeding lent further support for his conclusion. (*People v. Epperley*, 33 Ill. App. 3d 886, 338 N.E.2d 581.) Thus having probable cause to conduct an on-scene warrantless search of the automobile, Land was equally justified in continuing the warrantless search at the police station. (*Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975.) Accordingly, since under the circumstances the search and seizure was lawful and the product thereof was properly admitted in evidence, we find the error previously discussed attending defendant's motion to suppress to be harmless.

■ Next defendant contends that the State failed to prove his guilt of unlawful possession beyond a reasonable doubt. To support a conviction for unlawful possession of drugs, the State must establish the accused's knowledge of the presence of the drugs and the accused's immediate and exclusive control thereof. (*People v. Mosley*, 131 Ill. App. 2d 722, 265 N.E.2d 889.) Where such drugs are found on premises under a defendant's control, it may be inferred that the defendant had both knowledge and control of the drugs. *People v. Davis*, 33 Ill. 2d 134, 210 N.E.2d 530.

■ Defendant argues that his control of the automobile was not established in that there was evidence of a passenger in the vehicle and of access to the vehicle by defendant's employees. However, the evidence also shows that use of the car by the employees was controlled by defendant and was permitted only in connection with defendant's business. The car was only at defendant's personal disposal and use. In

fact, it was undisputed that defendant had actual control of the vehicle at the time of the incident. Moreover, the trunk of the car was unlocked by a key obtained from defendant. The metal box was found under defendant's seat in the car and, after Officer Land originally opened the box, defendant closed and locked it and subsequently unlocked it. Upon a careful review of the record, we find the evidence of defendant's constructive possession to be neither so unreasonable, improbable, nor unsatisfactory as to create a reasonable doubt of guilt.

We note that the State responds in part to the above contention by arguing that with regard to defendant's conviction for illegal transportation of alcoholic liquor, such is an offense of absolute liability. However, in *People v. Hutchison*, 46 Ill. App. 3d 725, 361 N.E.2d 328, the Fourth District Appellate Court held to the contrary. We find, in any event, that the State had nonetheless sufficiently proven defendant's knowledge of and control over the alcohol found in his car.

Lastly, defendant raises two contentions of trial error which may be quickly passed upon.

■■ He first contends that he was denied his right to an impartial jury determination of guilt or innocence due to a communication between the bailiff and the forelady during jury deliberation. This issue was first raised at the hearing on defendant's motion for a new trial. Evidence was presented therein showing that during the time of deliberation a conversation was had between the bailiff and the forelady of the jury concerning how much more time the jury would have for its deliberation before a mistrial might be declared for its failure to reach a verdict. Fifteen minutes thereafter the jury returned its guilty verdict. The defense counsel was present during this conversation and was fully aware of it; he, however, failed to bring such to the attention of the court until the post-trial motion was filed. In so doing, we conclude that the defense chose to keep its silence and gamble on a verdict of acquittal, and once that failed then to claim the benefit of the alleged impropriety. This defendant could not do. A defendant cannot object after trial to that in which he acquiesced during trial. (*People v. Sweeny*, 57 Ill. App. 3d 879, 373 N.E.2d 663.) Under the circumstances, having failed to raise his objection at the time of the occurrence, we deem defendant to have waived it. *People v. Seidel*, 33 Ill. App. 3d 901, 338 N.E.2d 567.

Defendant further contends that the court erred in refusing a tendered defense instruction on lesser included offenses with regard to the charged offense of possession of more than 30 grams but less than 500 grams of cannabis. Defendant's tendered instruction would have permitted the jury to find him guilty of the offense of possession of cannabis in the following amounts: between 10 and 30 grams, between 2.5 and 10 grams, and 2.5 grams or less. Defendant argues that under the

evidence the jury would have been justified in determining that defendant was only in possession of a lesser portion of the marijuana seized from the automobile.

■█ It is settled that a refusal to give an instruction defining a lesser included offense is not error where all the evidence adduced indicates that the jury would only be justified in returning a verdict of guilty or not guilty of the crime charged. (*People v. Dunn*, 49 Ill. App. 3d 1002, 365 N.E.2d 164.) Where, however, there is some evidence which, if believed by the jury, would reduce the crime to a lesser included offense, an instruction defining the lesser offense should be given. (*People v. Joyner*, 50 Ill. 2d 302, 278 N.E.2d 756; *People v. Dunn.*) Applying these principles we find no error in the court's refusal of defendant's proffered instruction. There was no evidence presented which could have supported a finding that defendant was in possession of any amount of less than 30 grams of marijuana. The State's primary evidence of this offense was the testimony of Officer Land. If he were to be believed then defendant was in possession of well over 30 grams of the substance, if he were not to be believed then defendant was in possession of nothing.

For the foregoing reasons, the judgment entered by the circuit court of Montgomery County is affirmed.

Affirmed.

JONES and KUNCE, JJ., concur.