THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH EDWARD RHOADES, Defendant-Appellant.

Fourth District   No. 15326

Opinion filed July 12, 1979.

Robert Weiner and Terry L. Fields, both of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Marc D. Towler and Gary J. Anderson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

Defendant, Joseph Edward Rhoades, was charged by information with unlawful possession of more than 500 grams of a substance containing cannabis in violation of section 4(e) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 704(e)). Defendant's motion to suppress evidence was denied and following a bench trial on September 18, 1978, he was found guilty of the offense charged. He was, thereafter, sentenced to 2 years' probation, with a 45-day sentence of imprisonment, and a $200 fine. Defendant challenges his conviction and sentence, contending: (1) His arrest was illegal; (2) the search of the trunk of his automobile, incident to his arrest, was improper and illegal; (3) the evidence failed to establish his guilt beyond a reasonable doubt; (4) the court erred in sentencing him to 45 days in the county jail as a condition of probation; and (5) the classification of persons eligible for placement on probation in lieu of conviction violates equal protection (Ill. Rev. Stat. 1977, ch. 56½, par. 710).

Very briefly, the evidence against the defendant was as follows. On the early morning of April 22, 1978, Illinois State Trooper Larry Esper approached, on foot, a vehicle which was parked in the lot of a retail establishment called "Tots 'N Teens" in Springfield, Illinois. The officer

walked up to the driver's side of the automobile, where defendant was seated, and directed his flashlight beam into the interior of the vehicle. As he did so, Esper observed a blue metal tray on the defendant's lap, containing what appeared to him to be a loose quantity of cannabis. Defendant and the passenger in the automobile, Owen Besco, were placed under arrest. When Esper searched the two, he recovered a quantity of cannabis from Besco's person. The officer then discovered an additional quantity of cannabis in a plastic bag on the front seat of the vehicle.

Eventually, Esper opened the trunk of the automobile, without defendant's consent or permission, using a key taken from the ignition of the car. The trunk contained a number of plastic bags filled with cannabis-like matter. The substances recovered from the vehicle were tested by Michael S. Galco, supervisor of the Illinois Department of Law Enforcement laboratory. Galco concluded that the substances he tested, while not including all the matter recovered, contained cannabis having a weight in excess of 1101.4 grams. Defendant presented no evidence at trial.

■■ ■ We first address defendant's contention that his arrest was illegal. This essentially involves a question of whether Officer Esper had the right to approach the vehicle and look into its interior. Defendant, in contending that the officer's actions were improper, relies on the testimony of Esper that he followed the automobile for approximately 3 miles because his suspicion was aroused by the manner in which it was being driven. Defendant points out that, although Esper testified the vehicle was traveling slower than the normal flow of traffic and had crossed the center line of the road, he did not intend to make any arrest or issue any traffic citation. Focus on that testimony, however, ignores the evidence that Officer Esper did not stop or impede the progress of the automobile. The evidence was uncontradicted that defendant's automobile was parked in a retail parking lot. The officer had not activated his lights or siren prior to that and, thus, defendant's stop was not occasioned by any action on Esper's part. Defendant admitted that he was not even aware of Esper until the officer flashed his light into the car. These circumstances clearly demonstrate that Officer Esper had not and could not have exhibited any intention to stop and arrest or otherwise restrain the defendant's freedom, at the time he approached the vehicle for the purpose of determining why the automobile had been weaving. (See *People v. Jordon* (1976), 43 Ill. App. 3d 660, 357 N.E.2d 159.) Thus, defendant, sitting in a parked automobile in a retail lot, could not have had any reasonable expectation of privacy concerning his actions or possessions which were open to plain view of one lawfully in a position to observe them. (*People v. Sylvester* (1969), 43 Ill. 2d 325, 253 N.E.2d 429;

see also *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697, *cert. denied* (1972), 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230 (use of artificial light does not invalidate reliance on plain view doctrine).) Clearly, once the officer observed what he reasonably believed to be cannabis, probable cause existed to arrest defendant.

We next consider the lawfulness of the subsequent search of the vehicle's trunk following defendant's arrest. Although there was some discrepancy in the evidence, Officer Esper testified that he opened the trunk of the automobile. He stated that his purpose in doing so was twofold: (1) It was standard police procedure to inventory the contents of a vehicle which was to be towed (the vehicle was towed); and (2) he believed that more drugs might be contained within the vehicle, including the trunk, based on the recovery of cannabis from the interior of the automobile.

Defendant contends that the search of a locked trunk as incident to an inventory search cannot be upheld. We, however, express no opinion as to that contention, since we conclude, as did the trial court, that the officer had probable cause to extend the search to the automobile trunk.

In *People v. Brown* (1967), 38 Ill. 2d 353, 231 N.E.2d 577, contraband was seized from the trunk of defendant's automobile following his arrest for a traffic violation. Defendant was initially stopped for driving without license plates. Upon request by the officer, the defendant was further unable to produce a driver's license or a valid title. The officer's observation of a number of articles of personal property in the rear seat of the vehicle was further inconsistent with defendant's explanation that he had just driven the auto from the car lot where he had purchased it. After defendant was taken into custody, the officer searched the trunk and discovered additional property which was later determined to be stolen. The court found the search under those circumstances to be reasonable. The implication from the court's reasoning was that once the officer surmised that he was not dealing with a mere traffic violator, and he observed contraband within the interior of the vehicle, probable cause existed to extend the scope of the search to an examination of the entire vehicle, including the trunk. See also *People v. Holloman* (1970), 46 Ill. 2d 311, 263 N.E.2d 7 (warrantless search of vehicle, including the trunk, upheld where narcotic discovered on the person of the defendant-driver).

An analogy can be drawn from *Brown* to the present facts. Furthermore, in *People v. Smith* (1978), 67 Ill. App. 3d 952, 385 N.E.2d 707, the court upheld the warrantless search of an automobile, including the trunk, finding probable cause where the officer, who had stopped the vehicle for a traffic violation, smelled the odors of alcohol and marijuana emanating from the interior of the vehicle. (Accord, *People v. Zeller* (1977), 51 Ill. App. 3d 935, 367 N.E.2d 488 (officer's observation of open

beer can in front of vehicle justified extensive search of entire automobile); see also *People v. Loe* (1973), 16 Ill. App. 3d 291, 306 N.E.2d 368; *People v. Laird* (1973), 11 Ill. App. 3d 414, 296 N.E.2d 864.) Defendant contends that if this search is upheld, then an officer's discovery of one cannabis cigarette in the possession of a driver would justify a warrantless search of an entire automobile. Here, however, the officer's observation of the quantity of loose cannabis on the metal tray and the discovery of the additional bag on the front seat render the instant case distinguishable from the hypothetical posed by defendant. The circumstances of this case justified the scope of Officer Esper's search.

Defendant next maintains that the State failed to prove his knowing, unlawful possession of cannabis beyond a reasonable doubt. He relies on the absence of proof of the ownership of the automobile and the recovery of cannabis from the possession of the passenger Besco. To support a conviction for unlawful possession of drugs, the State must establish the accused's knowledge of the presence of the drugs and his immediate and exclusive control thereof. (*People v. Nettles* (1961), 23 Ill. 2d 306, 178 N.E.2d 361.) These elements may be inferred where the drugs are found in an area under the defendant's control. *People v. Bolden* (1977), 53 Ill. App. 3d 848, 368 N.E.2d 1319.

■■ Under facts similar to the instant case, the court in *People v. Smith* (1978), 67 Ill. App. 3d 952, 385 N.E.2d 707, affirmed an accused's conviction for possession of cannabis recovered from the trunk of an automobile he was driving. In the instant case defendant had actual control of the vehicle at the time of his arrest and, therefore, had exclusive access, at that time, to the trunk which was opened with a key taken from the ignition of the automobile. The presence of a passenger in the vehicle who possessed a quantity of cannabis would not necessarily overcome the inference in question here in view of his control of the vehicle and his immediate possession (on his lap) of a quantity of loose cannabis. We conclude the evidence established defendant's possession beyond a reasonable doubt.

■■ ■ Defendant alternatively objects to the sufficiency of the evidence contending that the State failed to prove a complete and continuous chain of possession of the cannabis from the time the evidence was seized until the time of trial. In establishing a sufficient chain of possession, the prosecution is not required to exclude all possibility of tampering. In the absence of any tangible suggestion of tampering, alteration, or substitution, it is sufficient to prove a reasonable probability that the articles have not been changed in any important respect. (*People v. Marquis* (1974), 24 Ill. App. 3d 653, 321 N.E.2d 480; *People v. Lewis* (1977), 52 Ill. App. 3d 477, 367 N.E.2d 710.) Having carefully reviewed the substantial testimony by Officer Esper and the laboratory supervisor,

Michael Galco, we find there is no support for the suggestion of tampering or alteration. Defendant's reliance on the absence of proof of exclusive control by these individuals, at all points in the chain, amounts to mere speculation of alteration which is insufficient to undermine the foundation laid for the admission of this evidence. *Marquis* (chain of custody not broken although exclusive access not shown); *People v. Richards* (1970), 120 Ill. App. 2d 313, 256 N.E.2d 475.

■■ Defendant also contends he was not proved guilty beyond a reasonable doubt of possessing more than 500 grams of cannabis because a portion of the 1100 grams found in his possession consisted of seeds which were not tested to determine whether they were capable of germination. Section 3(a) of the Cannabis Control Act excludes from the definition of "cannabis" the sterilized seed of that plant. However, it is of no consequence that the substance in question may not have consisted of more than 500 grams of pure cannabis. A defendant can be convicted under this Act if the amount of the substance involved exceeds the applicable weight classification and it contains *any quantity of cannabis.* (See *People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97, *cert. denied sub nom. Hurley v. Illinois* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87.) Since the evidence in question was clearly shown to consist in part of cannabis, the statutory definition was met.

■■ Finally, regarding the adequacy of the evidence, defendant argues that the foundation for Galco's testimony concerning the weight and chemical analysis of the exhibits was not sufficiently proved. Galco testified that he verified the accuracy of the scales used to measure the matter and he also conducted a control test with respect to the chemicals used. No contradictory evidence was offered regarding the weight or content of the exhibits and, thus, the foundation for Galco's testimony was adequately established. *People v. Cantrell* (1977), 55 Ill. App. 3d 270, 370 N.E.2d 845.

Concerning his sentence, defendant argues that the 45-day jail term was erroneously imposed as a condition of the probation because the trial court concluded, from the amount possessed, that defendant was *selling* cannabis. It is quite clear from the record, however, that the court sentenced defendant for the offense of possession and not delivery. (Ill. Rev. Stat. 1977, ch. 56½, pars. 704, 705.) The record further reveals that the court gave adequate consideration to the presentence report (which recommended *60* days' incarceration as a condition of probation) and the factors in mitigation and aggravation. There is no showing that under these circumstances the sentence imposed was improper. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1 (sentence of the trial court rebuttably presumed to be proper).

Lastly, we reach defendant's contention that section 10 of the

Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 710), which provides for a continuance in lieu of conviction for first offenders, violates constitutional requirements for equal protection. Briefly, section 10 of the Act allows a court to place a first offender on probation, which if successfully completed will result in the defendant's discharge *without entry of conviction.* Eligibility for this alternative disposition is limited to defendants guilty of (1) possessing, manufacturing, delivering, or possessing with intent to deliver *30 grams or less* of a substance containing cannabis, or (2) producing the cannabis sativa plant. Ill. Rev. Stat. 1977, ch. 56½, pars. 710, 704(a), (b), (c), 705(a), (b), (c), and 708.

Defendant argues that the exemption of those guilty of merely possessing more than 30 grams from eligibility for this probation alternative is arbitrary and capricious in view of the express legislative intent to direct the enforcement of the Act toward "the commercial traffickers and large-scale purveyors of cannabis." (Ill. Rev. Stat. 1977, ch. 56½, par. 701.) Defendant concludes that, because of the legislative concern with "traffickers," it is unreasonable to extend more favorable or lenient treatment to one guilty of *selling* or *delivering* less than 30 grams as opposed to one found in mere *possession* of more than 30 grams of cannabis.

Statutory classifications are presumed to be valid and the burden of showing invalidity is on the challenging party. A classification will be upheld if any state of facts may reasonably be conceived which would justify the classification. The classification is justifiable so long as there is a reasonable basis for distinguishing between the classes created by the legislation. *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407.

■■ We find the classification between those selling small quantities and those possessing larger amounts to be both reasonable and consistent with legislative concern with the suppliers of cannabis. Section 1 of the Act expressly states that, to the end of focusing on the traffickers and purveyors, the "Act provides * * * and establishes penalties in a sharply rising progression based on the *amount of substances* containing cannabis * * *." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 56½, par. 701.) We believe the legislature could reasonably determine that the potential for abuse or harm to the community is greater with respect to one who possesses a substantial amount of cannabis as distinguished from the person who sells or delivers only a small quantity. (See Ill. Rev. Stat. 1977, ch. 56½, par. 706.) It would be reasonable for the legislature to presume that the *possession* of greater weights of cannabis would involve a greater potential for illegal dissemination. *People v. Kline* (1974), 16 Ill. App. 3d 1017, 307 N.E.2d 398, *aff'd* (1975), 60 Ill. 2d 246, 326 N.E.2d 395.

In addition, however, defendant maintains that the classifications within the Act are arbitrary because a person found guilty of *producing*

the cannabis sativa plant may be considered for section 10 probation, apparently without regard to the amount or number of plants produced. We conclude that the legislature could rationally presume that large scale production or cultivation of the proscribed plant, within the State, would be highly improbable and that, therefore, the producer would in most instances be a casual user. In any event, assuming the cultivation of the plant was substantial, a defendant could be charged with the greater offense of possession. See *People v. Elam* (1976), 39 Ill. App. 3d 705, 350 N.E.2d 832.

Finally, defendant maintains that his exclusion from eligibility for probation in lieu of conviction is arbitrary and unreasonable in view of section 410 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1410) which is the counterpart to section 10 of the Cannabis Control Act. Under section 410, a first offender guilty of possessing less than: 30 grams of heroin, cocaine, morphine, or LSD; or 1,000 grams of peyote; or 200 grams of barbituric acid or amphetamines; or 300 grams of various other controlled substances listed in section 402(a)(7) may be considered for probation without conviction. Relying on the case of *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407, defendant contends that many of these substances are more harmful in their potential for abuse and injury than cannabis and that, therefore, it is irrational to qualify these offenders for more lenient treatment than is available to one guilty of possessing a given quantity of marijuana.

We note initially, in response to defendant's argument, that the principles of equal protection in no manner preclude a legislature from adopting different punishment alternatives for *different offenses*. *McCabe* did hold that the classification of marijuana under the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—1 *et seq.*) (which included such drugs as morphine, codeine, heroin, and cocaine) rather than the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 111½, par. 801 *et seq.*) lacked a rational basis. It was, however, nowhere suggested by the court that a person engaged in the proscribed possession, manufacture or sale of marijuana should in every case and under all circumstances be treated more leniently than those involved with what might be termed "hard drugs." The extension of first offender probation in lieu of conviction to those possessing *less* than the specified amounts of the substances enumerated in section 402(a) is consistent with the legislative objective to "penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances * * *" (Ill. Rev. Stat. 1977, ch. 56½, par. 1100). Defendant has failed to demonstrate that the principles of equal protection are offended by the classifications within either section 10 of the Cannabis Control Act or section 410 of the Controlled Substances Act. See generally *Illinois*

256

*Norml, Inc. v. Scott* (1978), 66 Ill. App. 3d 633, 383 N.E.2d 1330.

In accordance with the foregoing, we conclude the judgment and sentence of the trial court should be affirmed.

Affirmed.

GREEN and MILLS, JJ., concur.