THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOSEPH LEDWA *et al.*, Defendants-Appellees.

Third District   No. 79-387

Opinion filed February 25, 1980.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Andrew J. Kleczek and Robert Morel Gray, both of Bolden, Gray & Kleczek, of Joliet, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the State from an order entered by the circuit court of Will County suppressing evidence found in the trunk of an automobile in which defendants were passengers.

On July 26, 1978, the defendants, Joseph Ledwa and Timothy Aleshire, were indicted by the grand jury of Will County, Illinois, for unlawful possession of cannabis. On September 28, 1978, defendants filed motions to suppress a baggie allegedly containing LSD, five roach clips, one pipe packer and cleaning knife, seven pipes, and several bottles allegedly containing cannabis found in the interior of Ledwa's automobile; several baggies allegedly containing cannabis discovered in the trunk of the automobile, and a baggie allegedly containing cannabis found on Aleshire's person.

On March 5, 1979, at the hearing on the motion to suppress, Kenneth Newton testified that during the early morning hours of August 12, 1978,

he was driving through West Park Drive in Joliet, Illinois, with his passenger, Michelle Bellevander, when he noticed an automobile pulled off to the side of the drive. He recognized the automobile and the occupants, Ledwa and Aleshire. Newton stopped his vehicle and called their names and blew the horn in an attempt to awaken defendants. Newton and Bellevander left their vehicle and walked to Ledwa's automobile in a further attempt to awaken the defendants.

Both Newton and Bellevander testified that they saw only a matchbook on the dashboard. Ms. Bellevander saw only clothes on the back seat of the automobile. They left when their attempts to awaken defendants were unsuccessful.

Ledwa testified that he had fallen asleep and remembered nothing until he was pulled out of the car by police officers. The officers removed the keys from the ignition and opened the trunk without his or Aleshire's permission.

Officer James Albritton testified that at approximately 9:30 a.m. he saw defendants sleeping in their automobile. He looked into the back seat area and saw clothing stacked on the seat. In the stack was an open shaving kit-type bag, and in that bag he saw paraphernalia usually associated with marijuana or hashish. Albritton also saw a piece of white paper with black snowflake-like dots on it in a plastic bag on the dashboard. The paper looked like a "window pane," a form of delivery of LSD.

Albritton removed the plastic bag and black bag from the automobile. He searched the black bag and found knives, pipes, and containers of roaches. Defendants were then awakened, removed from the automobile, and placed under arrest. After defendants were seated in the squad car, Albritton searched the interior of the automobile. Officer Monterastelli searched under the hood and in the trunk, where he found what appeared to be cannabis. The search was made because the officers believed that other contraband could have been located in the automobile and they did not wish to leave the automobile and any contraband without a police guard.

Aleshire was called as a rebuttal witness. He said that the black bag had been covered by clothing and had been closed. He also testified that the piece of white paper had been inside the black bag.

The trial court denied the motion to suppress as to the evidence discovered in the black bag and on Aleshire's person. It granted the motion as to all of the items found in the trunk of the automobile.

The sole issue on appeal is whether the police officers properly searched the trunk of the automobile after apparently discovering LSD and marijuana paraphernalia.

■■ The fourth amendment to the United States Constitution prohibits

only unreasonable searches and seizures. (*Carroll v. United States* (1925), 267 U.S. 132, 147, 69 L. Ed. 543, 549, 45 S. Ct. 280, 283.) The United States Supreme Court has declared that " * * * searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967), 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585, 88 S. Ct. 507, 514.) The test of any search, with or without a warrant, is whether it was reasonable. Whether the warrantless search of an automobile is reasonable depends upon the facts and circumstances existing at the time a search is made. (*Carroll v. United States.*) If a man of reasonable caution with knowledge of the facts and circumstances would believe that an offense has been committed and that the person arrested has committed that offense, there is probable cause for a search. (*People v. Blitz* (1977), 68 Ill. 2d 287, 369 N.E.2d 1238.) Once probable cause has been established, the search is reasonable. *Carroll v. United States.*

Most warrantless searches of automobiles occur after the automobile has been stopped for a traffic violation and the arresting officer finds cause to believe that a more serious crime has been committed. (*People v. Smith* (1978), 67 Ill. App. 3d 952, 385 N.E.2d 707; *People v. Lee* (1976), 41 Ill. App. 3d 502, 354 N.E.2d 543; *Carroll v. United States.*) A parked automobile usually cannot be searched without a warrant (*Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022), since it is less likely that the automobile will be moved or contraband taken from it before a search warrant can be obtained.

■■ In the instant case, police found two young men deeply asleep in an automobile parked along the roadside in a park. While investigating the police found, in plain view, what they believed to be LSD and marijuana paraphernalia. During a search of the interior of the automobile brass pipes, knives, and containers of roaches were found. The officers knew by experience that additional contraband might be located in the automobile. They searched the automobile trunk and found cannabis.

We believe that the police officers acted properly and that the cannabis which they found is admissible into evidence.

Both the State and the defendants apparently agree that the search of the interior of the automobile was proper. Defendants argue that the cannabis found in the trunk is inadmissible because the automobile was not in transit when the officers first looked into it. We cannot agree. The police officers did not first approach the automobile as law enforcement officers; they approached as public safety officers. They investigated two young men slumped down in an automobile parked along the roadside. The officers had a duty to investigate to determine whether the young

men were injured or ill. They then discovered contraband in plain view. We fail to see any difference between this and a traffic stop.

Defendants rely heavily on *Coolidge v. New Hampshire* to support their argument. In that case the automobile was parked in the defendant's driveway; defendant was arrested and kept in custody; defendant's wife was taken to another town and kept there under police guard; the automobile was guarded by police. The warrant in the *Coolidge* case was invalid, and we agree that a valid warrant should be obtained under those circumstances. In the instant case, however, the defendants were in a public park. The officers approached the car to determine why defendants were there. We do not believe that defendants had a reasonable expectation of privacy concerning objects which were in plain view of the officers lawfully in a position to observe them. *People v. Rhoades* (1979), 74 Ill. App. 3d 247, 392 N.E.2d 923.

When Albritton and Monterastelli saw the "window-pane" and the marijuana paraphernalia in plain view, they had probable cause to arrest defendants, to believe that a serious crime was being committed and to search the automobile including the trunk. (*People v. Rhoades; People v. Davisson* (1976), 35 Ill. App. 3d 887, 342 N.E.2d 456.) We also believe that they could reasonably have concluded that failure to immediately search the automobile might have resulted in removal of the automobile or any contraband in it. (*People v. Davisson.*) We therefore find that the warrantless search of the trunk was proper.

We do not comment on Aleshire's standing to move to suppress since we find that the items removed from the trunk should not have been suppressed.

For the reasons stated above, the judgment of the circuit court of Will County is hereby reversed and the cause remanded for trial.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.