THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
THOMAS RIGGS, Defendant-Appellee.

Second District   No. 77-270

Opinion filed July 26, 1978.

Peter J. Woods, State's Attorney, of Oregon (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mark Schuster, of State Appellate Defender's Office, of Chicago, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Thomas Riggs, was arrested for unlawful possession of cannabis. The State appeals an order which suppressed the evidence seized.

Between 1 and 1:30 a.m. on September 26, 1976, defendant stopped his

car on the road under a viaduct, ostensibly to check his tires. He turned off his lights, and had stopped under the viaduct because it was raining. Defendant was still outside the car when two police officers approached from their squad car. One officer checked defendant's driver's license while the other looked in the car with his flashlight for other passengers. The officer who had the flashlight testified in the suppression hearing; he stated he saw a styrofoam cooler in the car; that the top of the cooler was askew and that he was able to see a substance in the cooler which he recognized to be cannabis. The police thereupon had defendant remove the cooler top and found cannabis; a further search of the car yielded more cannabis from under the car seat. Defendant testified that the top was on the cooler and that the police required him to remove it and thereafter the cannabis was discovered.

Initially the trial court denied the motion to suppress the evidence seized. Several days later, the court sent a letter to the attorneys indicating that the court had reviewed the evidence and the law and that such review had caused a change in the court's view; a new order was entered granting the motion to suppress.

■■ There was no impropriety by the police in the initial stop, as it was reasonable for them to investigate why defendant's automobile was blocking free passage of the roadway. Further, it was not unreasonable for the police to visually check the car for passengers, as under the circumstances the police had reason to be suspicious and therefore more cautious than they might be with a mere traffic violation. (*People v. Barksdale* (1973), 14 Ill. App. 3d 415, 302 N.E.2d 718.) The open interior of the car was, of course, in plain view even though it was illuminated by light from the officer's flashlight. *People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697.

■■ In our view, the decision in this case depends upon whether the police had probable cause to search the defendant's vehicle. If the cooler lid was closed, there was no probable cause, but if the lid was ajar sufficiently to permit a plain view of the cannabis, then the search was proper. The evidence regarding the position of the cooler lid was conflicting and depended upon the credibility of the witnesses. Since the trial court's order suppressed the evidence gathered by the search, we must conclude that the trial judge believed the defendant and not the police officer. Because the trial court was in a better position to determine the credibility of the witnesses, we will not substitute our judgment for that of the trial court in weighing that credibility.

We accordingly affirm the decision of the trial court.

Affirmed.

RECHENMACHER and NASH, JJ., concur.