THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GEORGE VALDEZ, Defendant-Appellee.

Second District   No. 79-206

Opinion filed February 14, 1980.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

William F. Linkul, of Glen Ellyn, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The defendant, George Valdez, was charged by information with the offenses of unlawful possession of cannabis and unlawful use of weapons, to wit, possession of metal knuckles. The evidence allegedly supporting these charges was found and taken by the police from the defendant's car during the course of a search of that car following the arrest of the defendant on a previous charge. The trial court granted the defendant's motion to suppress the evidence and the State appeals.

Testimony at the hearing disclosed that on August 22, 1978, at approximately 2:45 a.m., uniformed Lombard police officers arrested the defendant, who was seated in a restaurant, on a charge of unlawful possession of cannabis. However, that charge is not the basis for the

information filed in this cause. The defendant was handcuffed, led from the restaurant and placed in a squad car. The defendant's automobile was parked in the private parking lot of the restaurant and was not obstructing a fire hydrant or any other vehicle. After his arrest in the restaurant and while being taken by the police to the squad car, the defendant was in handcuffs and did not pass closer than 50 to 100 feet of his vehicle.

The defendant testified that upon being placed in the squad car he asked the police if he could lock his automobile or call a friend to come and get it and that he feared his work tools, which were in the car's trunk, would be stolen. Police officer Bieniasz testified that the defendant insisted that he be permitted to lock the car and leave it in the restaurant parking lot and that the defendant had not asked to call a friend to secure the vehicle. The officer ran a license check of this car and was informed that the defendant was the owner and that his driver's license was suspended. The officer further testified that he talked to the hostess of the restaurant, whom he considered to be the manager. In response to his question as to whether the car could be left in the lot, she advised him that it was not their practice to allow cars to remain overnight. The officer stated that he advised the defendant he could not leave his vehicle unattended in the lot, but that the defendant was adamant that he was going to lock it and leave it. At this time, the officer testified, he called a towing company from the police list.

Before the tow truck arrived, Officer Bieniasz entered the defendant's car for the stated purpose of conducting an inventory of unsecured valuables. After entering the car, he saw a partially exposed brown bag on the floor under the front seat. The bag contained a greenish-brown plant material which he believed to be cannabis. In the unlocked glove compartment, he found a set of metal knuckles. The defendant did not give the officer consent to enter or search his car nor did the officer have a search warrant.

Officer Bieniasz also testified that he routinely had autos which were involved in narcotics cases towed and impounded but that he did not deem the defendant's car to be involved until he had conducted a routine inventory search and found contraband.

The trial judge, in granting the motion to suppress, found that the inventory search was not performed in good faith for the purpose of securing and inventorying the contents of the vehicle. On appeal, the State contends that the trial court erred in suppressing the evidence because it was found (1) during a valid warrantless inventory search of the defendant's car, (2) that the search was incidental to the defendant's arrest, (3) that the police officer had reasonable cause to believe that evidence of the crime for which the defendant had been arrested would be found in the car.

The second and third grounds have not been properly preserved for review. At the hearing on the motion to suppress, the State's Attorney stated in his argument to the court that the officer had no interest in the car; that the arrest took place inside the building 50 to 100 feet away; and that the officer had no probable cause to believe there were any proceeds or contraband in the car and that was not the reason he went to it. His argument was limited to the single contention that this was a valid warrantless inventory search. He clearly waived any other grounds. See, e.g., *People v. Sanders* (1976), 44 Ill. App. 3d 510, 516.

■■ Furthermore under the circumstances of this case, even if not waived, the search cannot be justified as incidental to the defendant's arrest. Such a search extends only to the arrested individual's person and the area within his immediate control; that is, the area from within which he might gain possession of destructible evidence or a weapon. (*Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034.) In *People v. Lee* (1976), 41 Ill. App. 3d 502, the court held that the search of the defendant's car, after the defendant had been arrested and removed to the squad car, was not justified as incident to his lawful arrest in light of the lack of control defendant had over his vehicle. See also *People v. Hendrix* (1974), 25 Ill. App. 3d 339, where defendant was not yet in the police car but was standing 15 feet from his vehicle.

Similarly, even if not waived, the search cannot be justified on the grounds that the police had probable cause to search the car. The circumstances at the time of the arrest here do not in any way support a reasonable belief on the part of the arresting officer that the defendant's car contained criminal evidence. Of particular significance is the fact that the record is devoid of any evidence regarding the circumstances surrounding the defendant's arrest in the restaurant for unlawful possession of cannabis. For example, it is not known whether the basis for the arrest was an outstanding warrant or some occurrence in the restaurant. The arresting officer himself testified that the basis for his search of the vehicle was a routine inventory for unsecured valuables.

"Probable cause" in an automobile search context has been defined as "a knowledge of facts justifying a reasonably prudent person in believing that a crime has been * * * committed, and that evidence thereof is contained in the automobile. [Citation.]" (*People v. Erickson* (1964), 31 Ill. 2d 230, 233.) The supreme court in the *Erickson* case also pointed out at page 233 that in all cases the search must be for specific property, and may not be exploratory and made solely to find evidence of guilt.

It is also well settled in Illinois that while probable cause may be based upon something less substantial than evidence which would result in a conviction, mere suspicion will not afford probable cause to permit a warrantless search. (*People v. Marino* (1968), 95 Ill. App. 2d 369, 380,

*aff'd* (1970), 44 Ill. 2d 562.) In this case, on the basis of the officer's own testimony, there was not even a suspicion.

The issue properly before the court is the State's contention that the arresting officer's inventory search of the defendant's vehicle was reasonable under the circumstances and that the trial court's finding that the officer's search was not made in good faith was against the manifest weight of the evidence.

In support of its position that the warrantless intrusion here was not an unreasonable search and seizure prohibited by the fourth amendment to the Federal Constitution or by article I, section VI of the Illinois Constitution of 1970, the State places great reliance on *People v. Clark* (1976), 65 Ill. 2d 169, *cert. denied* (1977), 431 U.S. 918, 53 L. Ed. 2d 229, 97 S. Ct. 2184, and *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092. These cases, in fact, do not support the State's position here. In both cases the court found that the police unquestionably had authority to take custody of the car, and, therefore, to conduct a reasonable warrantless inventory search of the car. The court in *Opperman* justified the search on three grounds: (1) protection of the police from potential danger or harm; (2) protection of the owner's property while his car was in custody; and (3) protection of the police from subsequent claims by owners that their property had been stolen or lost.

In the case at bar there is no showing that the police had any authority to take custody of the defendant's car. It was in the private parking lot of the restaurant. There is no evidence that any restaurant personnel directed or requested the police to remove it. At best, the testimony is to the effect that it was not the practice of the restaurant to allow cars to remain overnight in the parking lot. The defendant did not consent to the police taking custody of his car.

*People v. Von Hatten* (1977), 52 Ill. App. 3d 338, supports the proposition that law enforcement officials have a right or duty to conduct an inventory custodial search only where they have some responsibility for the vehicle or its contents. In *Von Hatten*, the police arrested the defendant in a motel room and then towed his car in compliance with the wishes of the motel manager. The court suppressed evidence resulting from a subsequent inventory search, stating that since the defendant's car was legally parked in the motel parking lot the police had no right to impound and search it.

In the present case the police had even less cause or right to take custody of the defendant's car. It therefore follows that under the particular facts of this case the police did not have the right to take custody of the defendant's car, and, therefore, the resultant warrantless search was invalid.

The trial judge granted the motion to suppress for still another reason. He found that the police officer's search was not conducted in good faith. The State contends that this finding is against the manifest weight of the evidence. The State concedes that "good faith" is a proper requirement which the court must take into consideration in making its determination concerning the validity of warrantless inventory searches. The Supreme Court recognized this in *South Dakota v. Opperman* (1976), 428 U.S. 364, 376, 49 L. Ed. 2d 1000, 1009, 96 S. Ct. 3092, 3100, where it pointed out that there was no suggestion in that case that the standard police procedure followed was a pretext concealing an investigatory police motive.

In reviewing the evidence upon which the trial judge based his opinion, this court has neither the right nor the privilege to substitute its judgment regarding the weight of disputed evidence or the credibility of witnesses for that of the trial court. *People v. Novotny* (1968), 41 Ill. 2d 401.

■■ Based on a careful reading of the record, the finding of the trial judge that the officer's search was not made in good faith is supported by competent evidence and is not contrary to the manifest weight of the evidence.

■■ The finding of lack of good faith is, of course, another ground for holding the warrantless search of the car not to be a valid inventory search.

The warrantless search was invalid, therefore, for two reasons: (1) the officers had no right to take custody of the defendant's car, and (2) the search was conducted in bad faith for the purpose of securing evidence and not for the purpose of securing and inventorying the contents of the car. We find that the search was an unreasonable search and seizure in violation of the fourth amendment to the Constitution of the United States and article I, section VI of the Illinois Constitution of 1970.

For the foregoing reasons, the order of the Circuit Court of the Eighteenth Judicial Circuit, Du Page County, Illinois, granting the motion to suppress the evidence is affirmed.

Affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.