THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES P. BOYD, Defendant-Appellant.

First District (4th Division)    No. 79-1213

Opinion filed June 30, 1980.

Frederick F. Cohn, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Jeremiah W. Lynch, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Following a bench trial, defendant, James Boyd, was found guilty of unlawful possession of more than 500 grams of cannabis, and he was sentenced to 30 months' probation. (Ill. Rev. Stat. 1977, ch. 56½, par. 704(e).) The issue presented for review is whether the trial court erred in failing to suppress the evidence seized at the time of defendant's arrest.

At the hearing on the motion to suppress evidence seized without a search warrant, Deputy Cook County Sheriff Donald Morrison testified that on April 3, 1978, at approximately 10 a.m., he was on routine patrol when he observed a vehicle improperly backing up on the street. Defendant and a passenger were sitting inside a car parked alongside the moving vehicle at the time.

The officer proceeded to park his car in front of both vehicles, and, as the officer began approaching the driver of the vehicle he had stopped for a traffic violation, he observed defendant in the next car take a small wooden box and throw its content out the window. The content was a "green plant-like" material which Morrison believed to be marijuana. At this time the passenger in defendant's car started to exit the vehicle, and, as he did so, he placed a clear plastic bag of what appeared to be marijuana in his right coat pocket. But Morrison ordered the passenger to get inside the car, and he requested defendant's identification. The officer then went to the other side of the vehicle and asked the passenger to get out of the car and give him the clear plastic bag that he previously observed. The passenger complied with the officer's demand and was thereafter placed under arrest.

As the officer was putting handcuffs on this passenger, he observed defendant grab the large cardboard box that had been on the front seat of the car and run to the rear of the car where he locked the box inside the trunk. After the officer placed the passenger into the police car, he approached defendant and placed him under arrest. The officer requested that defendant open the trunk of the car and defendant complied. The officer then opened the box after defendant told him that he could not open it.

Following arguments by the parties, the court denied defendant's motion to suppress evidence and trial of the matter was commenced the same day. The parties stipulated at trial to the previous testimony given at the suppression hearing. It was further stipulated that a forensic scientist

would testify that she received the content of the box from Officer Morrison and found that this content and the plant material thrown from the car by defendant totalled 665.8 grams of cannabis.

Defendant contends that the search and seizure without a warrant of a closed box inside his automobile trunk was improper and illegal. The State maintains that the circumstances surrounding defendant's arrest gave the officer probable cause to search the cardboard box.

■■ It has long been established that the fourth amendment of the United States Constitution prohibits unreasonable searches and seizures. (*Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280.) An exception to the warrant requirement, however, has been recognized, allowing the warrantless search of an automobile where police officers have probable cause to believe that the vehicle contains contraband or evidence of a crime. (*Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975.) Generally, most warrantless searches of automobiles occur after the automobile has been stopped for a traffic violation and the arresting officer finds cause to believe that a more serious offense has been committed.

■■ In the present case, we believe that the police officer had probable cause to search defendant's automobile trunk without a warrant. The record shows the officer observed defendant empty marijuana from a small wooden box as he approached the car that he had stopped for a traffic violation. Upon asking for defendant's identification, the officer viewed the passenger begin to exit defendant's car while placing a clear plastic bag of the same substance in his coat pocket. As the officer placed the passenger under arrest, defendant immediately picked up the cardboard box and locked it inside the trunk of the car. Under these circumstances the officer had reason to believe that a serious crime was being committed and therefore probable cause existed to search the entire vehicle including the trunk. See *People v. Blitz* (1977), 68 Ill. 2d 287, 369 N.E.2d 1238, *cert. denied*, 435 U.S. 974, 56 L. Ed. 2d 68, 98 S. Ct. 1622; *People v. Brown* (1967), 38 Ill. 2d 353, 231 N.E.2d 577; *People v. Rhoades* (1979), 74 Ill. App. 3d 247, 392 N.E.2d 923.

The next issue to be considered is whether the warrantless search of the closed box by the police officer after defendant's arrest was proper under the guidelines set forth by the United States Supreme Court in *Arkansas v. Sanders* (1979), 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586. In *Sanders*, a taxicab was stopped and searched because the police officers had probable cause to believe that a suitcase inside the trunk contained marijuana. Upon seizing the suitcase, the officers opened it and searched it without a warrant or consent of the suspects. The court held that in the absence of exigent circumstances, the officers were required to

obtain a warrant before searching personal luggage taken from the automobile. Compare *United States v. Chadwick* (1977), 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476.

We find *Sanders* to be controlling in the instant case. The facts here, as in *Sanders*, indicate that defendant manifested an expectation that the contents inside the closed cardboard box would remain free from public examination. (See *United States v. Dien* (2d Cir. 1979), 609 F.2d 1038.) In addition, there is no indication from the record of potential mobility. Prior to the search, the car was in an inoperative condition and defendant was already placed under arrest. (See *United States v. Meier* (10th Cir. 1979), 602 F.2d 253.) The passenger was also arrested at this time and posed no threat to the officer. Although defendant hastily placed the cardboard box inside the trunk prior to the search, we do not regard this fact alone to be such an exigent circumstance as to justify an immediate search of the box without a warrant. The police officer was in possession of the box, and no evidence was presented that the officer was in danger or that the box contained a weapon. (Compare *People v. DeRusha* (1979), 74 Ill. App. 3d 641, 393 N.E.2d 619.) In light of these circumstances, we conclude that the court's decision in *Sanders* compels our holding in this case that the warrantless search of the closed box was improper and violative of the fourth amendment, thereby requiring suppression of its content.

Notwithstanding our determination that the search of the box was improper, defendant is not precluded from being convicted for possession of a lesser amount of cannabis which he was observed discarding from his car. The marijuana found on the ground by the police officer supports a conviction for possession of cannabis. The record clearly suggests that the amount of cannabis discarded by defendant was minimal, thereby allowing reduction of defendant's conviction to a less serious classification under section 4(a) of the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 704(a)). See *People v. Kurtz* (1967), 37 Ill. 2d 103, 224 N.E.2d 817, and *People v. Redmond* (1979), 73 Ill. App. 3d 160, 390 N.E.2d 1364.

Therefore, we reduce the degree of the offense for which defendant was convicted, vacate the sentence imposed and remand the cause in order for the trial court to render an appropriate sanction for the lesser possessory offense.

Judgment modified; cause remanded.

JIGANTI and ROMITI, JJ., concur.