THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
HAROLD McGHEE, Defendant-Appellee.

Third District    No. 81-633

Opinion filed May 17, 1982.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

William M. Anderson, IV, of Peoria, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The instant appeal involves a search of Harold McGhee's automobile after he was issued a citation for a traffic violation. The trial judge determined that the arresting officer had no probable cause to search the car and granted McGhee's motion to suppress evidence found in the unlawful search. The State appeals.

The only witness to testify at the hearing on the motion to suppress was arresting officer, Jeff Adams. Officer Adams testified that on June 28, 1981, he observed an automobile driven by Harold McGhee disobey a red traffic light. After following the vehicle for some distance, he stopped the

vehicle. McGhee exited his car and while a fellow police officer issued McGhee a traffic citation, Officer Adams walked over and looked inside McGhee's auto. Officer Adams observed a drinking glass, approximately three inches tall, with a 1½-inch diameter. Officer Adams testified that the glass was lying on its side on the floor in front of the driver's seat. He testified that he recognized it as the type of glass frequently used in drinking establishments. On the basis of such observation, he commenced his investigation of the glass. He entered the car, picked up the glass and smelled the remaining residue or liquid in the glass. He testified that it smelled like an alcoholic beverage. He continued his search of the car finding a handgun in a closed, glove-compartment-type console between the driver's seat and the passenger's seat. No alcohol was found in the car.

McGhee was charged by complaint with the unlawful use of weapons. The trial court granted McGhee's motion to suppress the weapon found in the glove compartment. The trial court held that the mere observation of the drinking glass in McGhee's car did not constitute probable cause that an offense had been committed and that the fruits of that crime would be found within the car. The trial court found that the glass, lying on its side, was empty with some residual liquid. Furthermore, the trial court noted that the police officer smelled no odor of alcohol on McGhee or emanating from the vehicle. Thus, the trial court held there was no probable cause to support a warrantless search.

■■■ In order to establish a probable cause, there must be facts present to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the vehicle to be searched. (*People v. Francisco* (1970), 44 Ill. 2d 373.) Here, the officer testified that the grounds for his search were his observance of a glass lying sideways on the car floor and his belief that the glass was the type used in drinking establishments. Under the plain-view doctrine, it is necessary to establish that the incriminating nature of the evidence in plain view was immediately apparent to the arresting officers. See *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 467, 29 L. Ed. 2d 564, 583-84, 91 S. Ct. 2022, 2038-39; see also *People v. Riggs* (1978), 62 Ill. App. 3d 338, 339.

We agree with the trial court that mere observation of an empty drinking glass in an automobile does not constitute probable cause to enter the car for a warrantless search thereof. We limit our holding to the facts of this case wherein there is no evidence that McGhee was drinking. A red light traffic violation alone is not enough for a reasonably prudent man to suspect inebriation. The record is void of any reference to erratic conduct, driving or otherwise, by McGhee. When McGhee received his traffic citation, McGhee himself exited his vehicle and walked over to the police car. In our search of the record we find no suggestion that McGhee

was unsteady, talked strangely, or smelled of alcohol. Thus, the observation of an empty glass in an automobile is not sufficient to constitute probable cause to conduct a search of the car or the glass in the car. Unlike certain drug paraphernalia, glasses by design are not restricted to a single use function. Thus, the presence of an empty glass used in taverns to serve alcohol means absolutely nothing without other circumstances or conduct to suggest consumption of alcohol.

Thus, the officer conducted an improper search when he entered McGhee's automobile without permission or a warrant, seized the glass, and smelled the residue in its bottom. As such, the subsequent search of the automobile and confiscation of a handgun found in the console glove compartment was improper since the search was initiated without probable cause.

Accordingly, we affirm the order of the circuit court of Peoria County which granted Harold McGhee's motion to suppress the gun found in his auto.

Affirmed.

SCOTT and STOUDER, JJ., concur.