THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RANDOLPH P. SCRONCE, Defendant-Appellant.

Third District   No. 82—600

Opinion filed June 10, 1983.

Robert Agostinelli and Carroll J. King, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a bench trial in the circuit court of Peoria County the defendant, Randolph Scronce, was found guilty of unlawful use of a weapon (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(4)) and possession of a firearm without the requisite firearm owner's identification card (Ill. Rev. Stat. 1981, ch. 38, par. 83—2(a)). Concurrent sentences of 30 months' and six months' imprisonment respectively were imposed.

Two issues are raised on this appeal. First, did the trial court err in refusing to suppress evidence which, according to defendant, was discovered after an illegal search and seizure of his truck? Second, did the

court err in imposing a 2½-year sentence for his conviction of illegal use of a weapon?

A written motion to suppress evidence was filed and a hearing was held on it. At the hearing the defendant testified that on February 28, 1982, at about 1 a.m. he was driving his truck, an orange 1969 Chevy pickup truck. He came to the intersection of Caroline and Jefferson streets, stopped at the stop sign there and then continued down Caroline Street to the parking lot of the Peoria Battery Company. Defendant testified that he stays in the apartment above the battery shop. After pulling into the parking lot, defendant turned off the truck, opened a beer, and sat listening to the radio. Five or 10 minutes later, a police car pulled up behind him.

Defendant got out of his truck and walked back to the squad car. The officer asked him what he was doing there and defendant replied that he was going upstairs. The officer said "you almost ran a stop sign and your back license plate light is out."

Defendant asked if he could check the plate light. The officer refused this request, and walked to the front of the truck to check the inspection sticker. Defendant saw the officer shine his flashlight into the truck cab, open the door and begin looking through the truck. The officer found defendant's beer on the floor board and an unloaded rifle under the seat. Defendant was told to go to the back of the truck and put his hands on it. Defendant was patted down. A second officer arrived at the scene and defendant was placed in that squad car.

Officer Ron Shipp of the Peoria Police Department testified that at about 1:30 a.m. on February 28, 1982, he saw an orange pickup truck moving through the intersection of Caroline and Jefferson at a speed of 25 to 30 miles per hour. He thought the truck was traveling too fast to have stopped at the stop sign located at the intersection and began to follow the truck. As he followed, he noticed that the rear plate light was out. The truck pulled into a private driveway, where it stopped and the driver turned off the lights. The officer pulled in behind the truck, turned on his lights and shined a spotlight into the truck cab. Defendant walked back to the squad car and, at the officer's request, produced his driver's license. Shipp denied that defendant ever asked to be allowed to check his rear plate light. Officer Shipp went to the front of the truck to check the inspection sticker. As he did so, he saw an open quart bottle of beer on the driver's side floor board. Using a flashlight, Shipp was able to determine that the bottle was about half full. He then opened the truck door, searched the passenger compartment for other beer, and found an unloaded .22-caliber rifle wrapped in a pair of blue jeans, under the seat.

The officer testified that he then asked defendant whether he had a

firearm owner's identification card and that defendant answered that he did not. He patted defendant down for weapons and finding nothing, he handcuffed defendant and placed him in the second officer's patrol car. A subsequent search of defendant produced three .22-caliber bullets.

Defendant moved the court to suppress the rifle on the grounds that the warrantless search of his truck was made without probable cause and in the absence of exigent circumstances. He sought suppression of all of his statements to the police officers on grounds that he had not been informed of his *Miranda* rights. The trial court denied the first motion finding the action of the officer reasonable because of the "inclemental [*sic*] fashion" in which the search was conducted. The second motion was granted as to the statements made after defendant was in custody.

A stipulated bench trial was conducted and defendant was found guilty on both counts. After a presentence report was submitted the trial court imposed concurrent sentences.

The principal thrust of defendant's argument regarding his claim the trial court erred in refusing to suppress the evidence is his assertion the warrantless search of the defendant's truck was not justified because exigent circumstances were not shown. According to the defendant, the warrantless search of automobiles exception incident to a legal arrest as authorized by such cases as *People v. Smith* (1983), 95 Ill. 2d 412, 447 N.E.2d 809, and *People v. Loftus* (1983), 111 Ill. App. 3d 978, 444 N.E.2d 834, only applies to moving vehicles. According to the defendant, where the vehicle has reached its final destination even though followed by police officers who have observed or who are observing some illegal conduct of the vehicle, nevertheless a search warrant is required.

Citing such cases as *People v. Bayles* (1980), 82 Ill. 2d 128, 411 N.E.2d 1346, and *United States v. Chadwick* (1977), 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476, the defendant argues the automobile exception does not authorize a warrantless search in this case. Since each of the foregoing cases involved the validity of inventory searches of luggage they are of little support to the defendant's assertion. The issue they resolve is irrelevant to the one in this case.

According to the testimony of the police officers, they were following the defendant's truck at the time it turned into the parking lot, and their attention was called to the truck because of its failure to have the proper license plate light. The defendant was in the truck as the police officers followed it, and he was still in the truck when they stopped behind it and flashed their spotlight. No claim is made that the following of the defendant's truck on private property was a mere pretext to

make a search thereof. See *People v. Clark* (1982), 92 Ill. 96, 440 N.E.2d 869.

■ After the police officers stopped behind the defendant's truck and after the defendant emerged, one of the officers testified he saw an open quart bottle of beer sitting in plain view on the floor board of the defendant's truck. The discovery of contraband was not rendered improper by the use of a flashlight (*People v. Riggs* (1978), 62 Ill. App. 3d 338, 379 N.E.2d 129), nor because the truck was situated on private property (*People v. Bombacino* (1972), 51 Ill. 2d 17, 280 N.E.2d 697). The discovery of the partially filled bottle of beer justified a further search of the passenger compartment for additional contraband thereby justifying the discovery of the concealed .22-caliber rifle. *People v. Smith* (1978), 67 Ill. App. 3d 952, 385 N.E.2d 707.

We have reviewed other cases cited by the defendant such as *People v. Freeland* (1981), 103 Ill. App. 3d 94, 430 N.E.2d 277, *People v. Boyd* (1980), 86 Ill. App. 3d 73, 407 N.E.2d 982, *People v. Ledwa* (1980), 81 Ill. App. 3d 276, 401 N.E.2d 298, and *People v. Valdez* (1980), 81 Ill. App. 3d 25, 400 N.E.2d 1096. We find such cases are inapposite, and with the exception of the *Valdez* case, they tend to support the result reached by the trial court. In *Valdez,* the issue was substantially different from that in the instant case because the defendant was arrested in a restaurant for possession of cannabis and his car was searched in a parking lot under the claim of an inventory search, such claim later held invalid.

In our opinion the court properly denied the defendant's motion to suppress evidence.

■ Next we consider defendant's claim his sentence for the offense of unlawful use of a weapon is excessive. We agree with defendant's assertion that appropriate principles of sentencing require the sentence imposed relate to the seriousness of the offense and the circumstances of the defendant's background. Without detailing such evidence, we believe the record amply demonstrates the sentence is justified by defendant's prior criminal record commencing when he was a juvenile and continuing while the defendant was an adult, with his most recent sentence having been concluded in the same month he was arrested for the current offense.

For the foregoing reasons the judgments of the circuit court of Peoria County are affirmed.

Judgments affirmed.

SCOTT and HEIPLE, JJ., concur.