THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAURIE J. MANNOZZI, Defendant-Appellant.

Second District    No. 2—92—1499

Opinion filed April 6, 1994.

Joseph M. Laraia and Kenneth D. Hubbard, both of Joseph M. Laraia & Associates, P.C., of Wheaton, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Lisa A. Hoffman, Robert J. Biderman, and Richard G. Norris, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Laurie Mannozzi, appeals her conviction in the circuit court of Du Page County of unlawful possession of less than 30 grams of a controlled substance (Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1402 (now 720 ILCS 570/402 (West 1992))). For the following reasons, we affirm.

Defendant was charged with one count of unlawful possession of a controlled substance, one count of driving under the influence of alcohol and any other drug or drugs (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—501(a)(4) (now 625 ILCS 5/11—501(a)(4) (West 1992))), and two counts of driving under the influence of alcohol (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, pars. 11—501(a)(1), (a)(2) (now 625 ILCS 5/11—501(a)(1), (a)(2) (West 1992))). She moved to suppress evidence seized from her purse. Following a hearing, the trial court denied the motion. The court found that although the search was not a proper inventory search, it was a proper search incident to a lawful arrest. Defendant then pleaded guilty to driving under the influence of alcohol and any other drug or drugs and not guilty to the possession count. The State nol-prossed the remaining counts.

Following a stipulated bench trial, the court found defendant guilty of possession of a controlled substance. For this offense the court sentenced her to two years' probation and imposed a $200 fine and a mandatory assessment. For the DUI offense the court sentenced defendant to 18 months' supervision (concurrent with the two years' probation) and fined her $300, plus court costs. Defendant appeals

the possession conviction, contending that the court erred in denying her motion to suppress.

Testimony at the suppression hearing indicated that on August 21, 1991, around 11:15 p.m., defendant was driving a blue Chevrolet Beretta in the area of 63rd Street and Clarendon Hills Road in Du Page County, Illinois. Willowbrook police officer Paul Oggerino testified that he observed the Beretta stopped in that intersection, apparently waiting for the traffic signal to turn green. The Beretta was in the middle of the intersection in front of the left turn lane of 63rd Street, one or two car lengths beyond the solid white stop line.

Officer Oggerino followed the Beretta south on Clarendon Hills Road and observed it leave the paved roadway twice onto the gravel shoulder. He followed the Beretta into a condominium apartment complex. He activated his Mars lights as the Beretta pulled into a parking space. He approached the Beretta and asked to see the license of the driver, defendant Mannozzi.

Defendant testified that on the night in question she had been drinking and smelled of alcohol. She produced her license without difficulty from the wallet in her purse, which was in the bucket seat beside her. Oggerino informed defendant that he had stopped her for improper lane usage. He then asked her to perform a battery of field sobriety tests. Defendant returned her license to her wallet, and leaving the wallet in the purse on the car seat, she exited the car and followed the officer around behind the car.

Defendant testified that she walked and spoke without difficulty and performed the tests adequately. She stated that she remembered nothing unusual about her demeanor that evening. Oggerino testified that defendant seemed confused as to her whereabouts, that her eyes were glassy, and that she spoke with a "thick tongue" and slurred speech.

Oggerino administered four field tests. First, he asked defendant to recite the English alphabet. She in fact sang the alphabet, by her account only once and without flaw. According to Oggerino, she sang it twice, hesitating at "G" and stopping at "J" the first time, and skipping from "G" to "W, X, Y, Z" the second time. Next Oggerino administered the horizontal gaze nystagmus test. By his account, she failed this test.

He then asked defendant to walk a straight line, taking nine steps heel-to-toe. According to defendant, she performed perfectly. According to the Oggerino, she lost her balance while listening to his instructions, failed to walk heel-to-toe, lost her balance while walking, and took an incorrect number of steps. Finally, the officer had defendant stand on one foot and count for 30 seconds. Defendant testified

that she made one attempt, counting only to 10. According to Oggerino, she failed three attempts, reaching only three or four seconds each time. At some point during the field sobriety tests, another officer arrived at the scene to assist.

After all the tests, Oggerino told defendant she was under arrest for DUI. He handcuffed her and placed her in the squad car. He and the other officer then secured the Beretta. They closed the windows, locked the doors, and took defendant's purse, without opening it, to the squad car.

Oggerino took defendant to the Willowbrook police station booking room, where a matron searched her at approximately 11:22 p.m. Defendant was secured to a bench, and the matron proceeded to inventory the contents of the purse. During this search, the matron found a razor blade, a rolled-up dollar bill, and a small paper packet containing a white powdery substance.

Oggerino field-tested the substance and found positive indications for cocaine. He then informed defendant that she was under arrest for unlawful possession of a controlled substance. Thereafter, defendant agreed to take a breathalyzer test, which registered .22. At some point that evening Officer Oggerino had defendant's car impounded.

On appeal, defendant contends that the search and seizure of her purse were unreasonable and could not be justified either as incident to a lawful arrest or as a valid inventory search. On a motion to suppress, the defendant bears the burden of proving that the search and seizure complained of were unreasonable. (*People v. Neal* (1985), 109 Ill. 2d 216, 218.) A trial court's decision on a motion to suppress evidence will be reversed only if it is manifestly erroneous. (*People v. Hoskins* (1984), 101 Ill. 2d 209, 212.) Defendant attacks Oggerino's conduct on several levels.

First, she contends that the removal of her purse from her car constituted an unreasonable search and seizure. She argues that the impoundment of her car was improper, because it was parked on private property. She also asserts that the officer had no right or responsibility to remove her purse from her car without her express permission, that the officer did not have probable cause to search the interior of her vehicle, and that the car was not within her "wingspan" once she was secured in the squad car.

Next, she asserts that the search of the contents of the purse was unreasonable. She challenges the court's incident-to-arrest reasoning on grounds that (1) the State has waived the issue on appeal; (2) the search was remote in time and place from the arrest; and (3) the purse was not immediately associated with her person, since the po-

lice had exclusive control of it at the time of the search. She challenges the State's assertion that the search constituted a valid inventory search on the same ground articulated by the trial court: that the search was not conducted in contemplation of incarceration.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." (U.S. Const., amend. IV.) Defendant does not appeal the trial court's finding of probable cause for the stop and the arrest.

■ She contends initially that Officer Oggerino wrongfully seized her car by having it towed from a private parking lot. The validity of the search of an impounded vehicle is dependent upon the validity of the impoundment. (*People v. Braasch* (1984), 122 Ill. App. 3d 747, 752.) Defendant contends that Oggerino lacked probable cause to seize her car, because it was lawfully parked on private property. We find this argument wholly irrelevant to the suppression issue, as the purse was removed long before the car was impounded, and the car was impounded only after the cocaine was discovered in the purse.

A "search," as contemplated by the fourth amendment to the United States Constitution, occurs when an expectation of privacy considered reasonable by society is infringed. (*United States v. Jacobsen* (1984), 466 U.S. 109, 113, 80 L. Ed. 2d 85, 94, 104 S. Ct. 1652, 1656.) A search implies a quest by an officer of the law, some action by the police looking for something. (See *Hale v. Henkel* (1906), 201 U.S. 43, 50 L. Ed. 652, 26 S. Ct. 370, *overruled on other grounds* in *Murphy v. Waterfront Comm'n of New York Harbor* (1964), 378 U.S. 52, 12 L. Ed. 2d 678, 84 S. Ct. 1594.) If an inspection by police does not intrude upon a legitimate expectation of privacy, there is no "search" subject to the warrant clause of the fourth amendment. (*Illinois v. Andreas* (1983), 463 U.S. 765, 771, 77 L. Ed. 2d 1003, 1010, 103 S. Ct. 3319, 3324; *Neal,* 109 Ill. 2d at 218; *People v. Uran* (1987), 157 Ill. App. 3d 294, 299.) Defendant cites no authority to support the proposition that securing the vehicle of a custodial arrestee intrudes upon a reasonable expectation of the arrestee's privacy.

■ Defendant characterizes Oggerino's actions as "go[ing] through her vehicle *** willy-nilly" and "confiscating" or "seizing" the purse. The record indicates, however, that the officer did not "go through" defendant's car. He only locked the doors, closed the windows, and removed the purse into defendant's continued presence. He was not looking for anything and sought only to secure the car. He did not intrude on any expectation of privacy by doing so. Thus, he did not search defendant's car. Because we find that Oggerino did not search the car, we need not address whether he had probable cause to do so or whether the car was within defendant's wingspan.

A "seizure" for fourth amendment purposes occurs upon some meaningful interference with an individual's possessory interests in her property. (*Jacobsen*, 466 U.S. at 113, 80 L. Ed. 2d at 94, 104 S. Ct. at 1656.) The removal of the purse from defendant's car to the squad car wherein defendant sat did not constitute a seizure, because there was no meaningful interference with defendant's possessory interests in the purse. (See *People v. Nogel* (1985), 137 Ill. App. 3d 392.) Although the police had physical control of the purse, defendant was never far from it. As they proceeded to the police station, the purse was on the front seat of the squad car. At the station it was at all times in the same room as defendant.

In *Nogel*, the Appellate Court, Fourth District, condoned the removal of a briefcase from the backseat of a vehicle whose occupants were placed under custodial arrest. The court stated, "Clearly, when the police officer was informed that the briefcase contained money ***, the officer had a legitimate right to take charge of the briefcase especially when he believed it could not be secured in the automobile from which it was taken." *Nogel*, 137 Ill. App. 3d at 396.

In the present case, Oggerino testified that he took charge of defendant's purse for the purpose of securing her vehicle. The purse was large and white, and he had observed defendant return her license and wallet to the purse. He brought the purse with defendant for her benefit and out of consideration for her security interest. Under these circumstances, we find that Oggerino's actions were reasonable and did not interfere with defendant's possessory interest in the purse. Therefore, no seizure occurred when he removed the purse from the car.

Next, we turn to the search of the interior of the purse. Defendant argues initially that because the State's sole contention at the suppression hearing concerned the reasonableness of the search as an inventory search, the State has waived the search-incident-to-arrest argument for purposes of appeal. We disagree.

■ When it has prevailed on a motion to suppress, the State may defend that judgment to the appellate court on any ground sustained in the record, regardless of the trial court's reasoning. (*People v. Kolichman* (1991), 218 Ill. App. 3d 132, 138; *People v. Bolden* (1987), 152 Ill. App. 3d 631, 636.) Defendant cites *Braasch* and *People v. Valdez* (1980), 81 Ill. App. 3d 25, in support of her waiver argument. These cases are distinguishable from the present case, because in both of those cases the State appealed adverse decisions. (*Braasch*, 122 Ill. App. 3d at 748; *Valdez*, 81 Ill. App. 3d at 26.) Thus, because the State prevailed below, it may defend the judgment before this court on any ground sustained in the record.

It is well settled that a search conducted incident to a valid arrest is an exception to the warrant requirement. (*United States v. Chadwick* (1977), 433 U.S. 1, 14-15, 53 L. Ed. 2d 538, 550-51, 97 S. Ct. 2476, 2485; *People v. Perry* (1990), 204 Ill. App. 3d 782, 787.) Relying on *Chadwick*, defendant contends that the search of her purse at the station cannot be characterized as incident to arrest, because the search was remote in time and place from the arrest and because the purse was neither on her person nor in her immediate control. A warrantless search of luggage or other property seized at the time of arrest cannot be justified as incident to that arrest if the search is remote from the arrest in time and place. (*Chadwick*, 433 U.S. at 15, 53 L. Ed. 2d at 550-51, 97 S. Ct. at 2485.) However, the fact that a search incident to arrest is conducted at the police station, rather than at the scene of the arrest, does not by itself render the search invalid. *People v. Seymour* (1981), 84 Ill. 2d 24, 33; *People v. Wolsk* (1983), 118 Ill. App. 3d 112, 119.

*Chadwick* is factually distinct from the present case. There, Federal agents seized a locked footlocker from defendant's car after a police dog detected the presence of a controlled substance. (*Chadwick*, 433 U.S. at 4, 53 L. Ed. 2d at 543-44, 97 S. Ct. at 2479.) At the Federal Building in Boston, 90 minutes later and out of the defendant's presence, the agents searched the locker and discovered contraband. (*Chadwick*, 433 U.S. at 4, 53 L. Ed. 2d at 544, 97 S. Ct. at 2480.) The Supreme Court held, "Once law enforcement officers had reduced luggage or other personal property *not immediately associated with the person* of the arrestee to their exclusive control *** a search of that property is no longer an incident of the arrest." (Emphasis added.) *Chadwick*, 433 U.S. at 15, 53 L. Ed. 2d at 551, 97 S. Ct. at 2485.

In the present case, the searches of defendant's purse and of her person took place at the Willowbrook police station approximately 10 minutes after her arrest. Although the purse was in the exclusive control of police during that 10 minutes, it was never out of defendant's presence. Furthermore, a purse, unlike a footlocker, has been held to be an item immediately associated with the person of an arrestee, because it is carried on the person at all times. (*Hoskins*, 101 Ill. 2d at 215, citing *United States v. Berry* (7th Cir. 1977), 560 F.2d 861, 864, *vacated on other grounds* (7th Cir. 1978), 571 F.2d 2; *People v. Helm* (1981), 89 Ill. 2d 34, 39-44 (Ward, Underwood & Moran, JJ., dissenting); *United States v. Graham* (7th Cir. 1981), 638 F.2d 1111, 1114, *cert. denied* (1981), 450 U.S. 1034, 68 L. Ed. 2d 231, 101 S. Ct. 1748; *United States v. Venizelos* (S.D.N.Y. 1980), 495 F. Supp. 1277, 1279; *Daigger v. State* (1980), 268 Ark. 249, 595 S.W.2d

653; *Sumlin v. State* (1979), 266 Ark. 709, 587 S.W.2d 571; *State v. Sabater* (1979), 3 Kan. App. 2d 692, 694, 601 P.2d 11, 13-14; *Dawson·v. State* (1978), 40 Md. App. 640, 647-54, 395 A.2d 160, 164-67; *Stewart v. State* (Tex. Crim. App. 1981), 611 S.W.2d 434, 438.) Considering the delay of only 10 minutes and the personal nature of a purse as opposed to a footlocker, we find *Chadwick* inapplicable to the facts of the present case.

Defendant relies on *People v. Gulley* (1982), 111 Ill. App. 3d 1091, for the proposition that removing the purse from the car rendered the search of the interior of the purse no longer incident to arrest. *Gulley*, too, is inapposite. In *Gulley*, a police officer drove the defendant's car from the scene of arrest to the police station at the defendant's request. While exiting the vehicle, the officer kicked a container on the floor and then opened it out of curiosity. At the time of this search, the defendant was en route to the police station in a squad car. (*Gulley*, 111 Ill. App. 3d at 1092.) The search was held to be not incident to arrest because it took place outside the defendant's presence. *Gulley*, 111 Ill. App. 3d at 1096.

In the case at bar, defendant was arrested at her car for an offense committed in her car. The purse was with her there. Defendant was present when Oggerino removed the purse to the squad car. She was also present when the matron inventoried the contents of the purse at the station. Thus, *Gulley* has no bearing on the present case.

Furthermore, a search and seizure which could have been made at the time of arrest may legally be conducted later when the accused arrives at the place of detention. (*Perry*, 204 Ill. App. 3d at 788; *United States v. Edwards* (1974), 415 U.S. 800, 803, 39 L. Ed. 2d 771, 775, 94 S. Ct. 1234, 1237.) Defendant contends that Oggerino could not have searched her purse at the scene as an incident to her arrest. She relies on *People v. Valdez* (1980), 81 Ill. App. 3d 25, and *Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034, for the proposition that a search incident to arrest extends only to the arrestee's person and the area within her immediate control.

Defendant asserts that because her purse was in the car at the time of her arrest, it was not within her immediate control. *Valdez* is factually distinct from the present case. There, the defendant was arrested inside a restaurant. (*Valdez*, 81 Ill. App. 3d at 28.) While in police custody he was always farther than 50 feet from his car. (*Valdez*, 81 Ill. App. 3d at 28.) The court affirmed the suppression of the seized evidence, reasoning that the car was not within his immediate control. Contrast that situation to that of defendant in the present case, who was arrested at her car for an offense committed in her

car. The purse on the seat beside her is reasonably characterized as within her immediate control.

Chimel is also distinguishable. There, the Supreme Court held unreasonable and excessive the warrantless search of an arrestee's entire house pursuant to the execution of an arrest warrant. (Chimel, 395 U.S. at 768, 23 L. Ed. 2d at 697, 89 S. Ct. at 2043.) In the present case, the officer's conduct was not excessive, in that he did not venture beyond the interior of the purse. Indeed, nothing beyond the purse was available to be searched. Thus, both Valdez and Chimel are inapposite.

In People v. Kalivas (1991), 207 Ill. App. 3d 415, this court interpreted the United States Supreme Court's decision in New York v. Belton (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, to uphold the search of the passenger compartment of an automobile and all containers in it incident to a lawful custodial arrest under circumstances similar to those present here. (Kalivas, 207 Ill. App. 3d at 417.) The defendant in Kalivas was handcuffed and seated in a squad car when officers searched a plastic bag inside the passenger compartment of his car. (Kalivas, 207 Ill. App. 3d at 416.) Such searches were also upheld in People v. Loftus (1983), 111 Ill. App. 3d 978, and United States v. Arango (7th Cir. 1989), 879 F.2d 1501, wherein the defendants were handcuffed and seated in squad cars during searches of their vehicles. Thus, at the time of and incident to defendant's lawful custodial arrest, Officer Oggerino lawfully could have searched the passenger compartment of defendant's vehicle and any containers therein, including the purse, despite the fact that defendant was secured in the squad car.

In Perry, this court reversed the decision of the circuit court suppressing evidence obtained upon searching the defendant's purse at the police station shortly after her arrest. (Perry, 204 Ill. App. 3d at 789.) There, the defendant had demanded that the arresting officer bring her purse to the station rather than leave it in her parked car. (Perry, 204 Ill. App. 3d at 784.) We held that the officer would have been justified in searching the purse at the scene of the arrest as a search incident to arrest, because the purse was within the defendant's area of control and because it was an item immediately associated with her person. (Perry, 204 Ill. App. 3d at 789.) We further held that the authority to search the purse at the scene of arrest extended to a search of it moments later at the police station. Perry, 204 Ill. App. 3d at 789.

In the present case, we have found that Officer Oggerino would have been justified in searching defendant's purse at the scene of the arrest, because the purse was in the passenger compartment of the

car and because it was an item immediately associated with defendant's person. Thus, as in *Perry*, we hold that the search conducted later at the station was properly incident to defendant's arrest. The fact that the defendant in *Perry* demanded her purse bears no relevance to its applicability to the present case. Regardless of the demand, the officer in *Perry* would have been justified in searching the purse at the scene of the arrest, as incident to that arrest, because it was within her area of control and because it was an item immediately associated with her person. (*Perry*, 204 Ill. App. 3d at 789.) Thus, as in *Perry*, the search of defendant's purse does not lose its character as incident to arrest merely because it was conducted some minutes later at the police station.

The trial court properly denied defendant's motion to suppress. The entry into the car did not constitute a search, because Oggerino entered the car only to secure it, in no way infringing on defendant's privacy interests. The removal of the purse from the car did not constitute a seizure, because Oggerino did not substantially interfere with defendant's possessory interests in the purse. Furthermore, incident to defendant's lawful custodial arrest, Oggerino would have been entitled to search the passenger compartment of the car and the purse in it. The fact that defendant was secured in the squad car would not have undermined the reasonableness of a search of the purse at the scene. The authority to search the purse at the scene of arrest extended to the search of it at the police station shortly after the arrest. Thus, the search which yielded the evidence defendant sought to suppress was in all ways properly incident to her arrest.

Finally, the State contends that the trial court erred in finding the search of defendant's purse unreasonable as an inventory search on the ground that the search was not conducted in contemplation of incarceration. The inventory search is an incidental administrative step that follows arrest and precedes incarceration. (*Illinois v. Lafayette* (1983), 462 U.S. 640, 643-44, 77 L. Ed. 2d 65, 69-70, 103 S. Ct. 2605, 2608.) The inventory search serves at least three distinct governmental objectives: (1) protecting the owner's property during police custody; (2) protecting the police against claims or disputes over property allegedly lost or stolen during police custody; and (3) protecting the police from harm potentially arising from the unknown personal possessions and effects of an arrestee. *Nogel*, 137 Ill. App. 3d at 396, citing *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.

" 'At the station house, it is entirely proper for police to remove and list or inventory property found on the person or in the possession of an arrested person *who is to be jailed.*' " (Emphasis in original.) (*Nogel*, 137 Ill. App. 3d at 397, quoting *Lafayette*, 462 U.S.

at 646, 77 L. Ed. 2d at 71, 103 S. Ct. at 2609.) The trial court apparently placed great emphasis on the italicized language. Our supreme court has interpreted this language to mean that the arresting officer must reasonably believe that the prisoner in custody must be held for further proceedings. *People v. Dillon* (1984), 102 Ill. 2d 522, 526.

"Simply put, the significant inquiry is whether there is a reasonable belief that the defendant will be subject to further incarceration." (*Nogel*, 137 Ill. App. 3d at 399.) In *Nogel*, the court found that the officer could not have reasonably believed that the offense warranted further incarceration, where he locked the defendant up solely for refusing to provide the combination to his locked briefcase. *Nogel*, 137 Ill. App. 3d at 399.

■ Contrast *Nogel* to the present case. Although the record does not indicate that defendant would with all certainty be incarcerated, it is clear that the arresting officer believed that she would have to be held for further proceedings. According to the record, processing a DUI arrest requires more than issuance of a citation. Although the record indicates that DUI is a bondable offense, it is not clear whether Oggerino knew if defendant could post bond.

The Supreme Court in *Lafayette* noted that in the context of an inventory search, the intrusion upon an individual's fourth amendment rights must be balanced against the promotion of legitimate governmental interests. (*Lafayette*, 462 U.S. at 644, 77 L. Ed. 2d at 69-70, 103 S. Ct. at 2608.) In the present case, we cannot say that defendant's privacy interest in her purse outweighed the government's interests in the safety of the police and the security of defendant's possessions. Furthermore, the matron who searched defendant's purse did so in accordance with a written departmental policy. Under these circumstances, we find that the search was a reasonable inventory search, and the trial court erred in holding otherwise.

■ The trial court properly denied defendant's motion to suppress the evidence seized from her purse. The removal of the purse from the car did not constitute a seizure, and the search of its contents was proper both as an incident to her arrest and as an inventory search precedent to her incarceration.

Because the trial court's denial of defendant's motion to suppress was not manifestly erroneous, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

GEIGER and COLWELL, JJ., concur.